IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RENA D. STINSON, #234171,     )
          )
     Petitioner,     )
          )
     v.     )   CIVIL ACTION NO. 2:07-CV-225-WHA
          )
          )
STATE OF ALABAMA, et al.,     )
          )
     Respondents.     )

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Rena D. Stinson ["Stinson"], a state inmate, challenging convictions for theft of property imposed upon her by the Circuit Court of Montgomery County, Alabama on August 23, 2005. In their answer filed with this court on May 3, 2007, the respondents assert that Stinson has failed to exhaust state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that Stinson may present all of her claims, with the exception of her challenge to the adequacy of arraignment, to the state courts in a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. *Respondents' Answer* at 8.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it is clear

that the petitioner has not yet exhausted her available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Stinson may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust [her] claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before May 24, 2007 the petitioner shall show cause why this petition should not be dismissed for her failure to exhaust available state remedies.

Done this 4th day of May, 2007.

_____/s/ Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE