IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RENA D. STINSON        RECEIVED

    PETITIONER,

2001 MAY 25  A  9: 34

v.                              No.2:07-CV-225-WHA

                  HACKETT
STATE OF ALABAMA, et al.DISTRICT COURT
              MIDDLE DISTRICT ALA.

    RESPONDENTS.

PETITIONER RESPONSE TO MOTION TO DISMISS

    Now pending before this court is Petitioner
Writ of Habeas Corpus filed March 14, 2007.  As discussed
in this response, the Petitioner has numerous constitutional
claim that, through no fault of petitioner, is as yet un-
exhausted in the state courts.  In light of that circumstance,
Petitioner is asking the district court to maintain jurdiction
over the cause and free Petitioner from her unconstitutional
confinement, as the evidence will show that is being provided
that Petitioner has been treated with much prejudice, cause
and miscarrage of justice by all parties involved.

    Upon this Honorable Court completion of the enclosed
documentation, still fill that Petitioner cause should be
dismissed, Petitioner is requesting that the court  allow
petition be stayed and held in abeyance until the state court
dispose of the numerous claims of ineffective assistance of
of appointed counselor, paid trial counselor, paid sentencing
and 1st appeal counselor, 2nd appeal counselor, the court
the prosecution and the police department all violated
Petitioner Constitutional rights in this cause as stated in
present petition as petition will be amended to included

(1)

the serious court errors that has been notice during this cause as of  May 15, 2007 from the on-line case summary that Petitioner has obtained, etc. *Exhibit A, B*

Information provided in this response will also confirmed that Petitioner has given the state courts and opportunity to resolved this cause through motions for retrial, to show cause, to inform, listing all the Con-stitutional violations in the state petition for habeas corpus that was submitted to the state on January 29, 2007, and denied.  Petitioner also submitted a motion to inform and for help and mercy to the court of criminal appeal, before a decision was made informing them of the Constitution violations, and the ineffectiveness of the appeal attorney.

Petitioner has diligently pursued this injustice conviction, sentencing, false imprisonment untiringly.

Petitioner will continue to pursue this injustice that has been done until Petitioner is vindicated of the charges she did not commit, as evidence was withheld by the prosecution and the montgomery police department that would have vindicated Petitioner.

2

PROCEDURAL HISTORY

A. Interrogation, Trial Proceedings and Direct Appeal

Petitioner was interrogated for these crimes, by Detective Roberts of the Montgomery Police Department. Detective Roberts informed Petitioner that he was interrogating Petitioner for crimes that involved two black females and a black man who were swindling elderly ladies out of their money.  Detective Roberts had on his possession, two sets of pictures.  One was a still shot photo of  a black lady walking through a doorway and a white lady walking next or behind another black lady.  He pointed to one of the ladies and stated, " that is you"  I looked at the picture and immediately informed him, after meeting me personally can't you see that is not me in the photo.  He looked and looked continue to curse, and threaten Petitioner and calling Petitioner lies and demanding the name of the other black lady who was in the picture.  He stated if I did not admit to these crimes I would never see the streets of Montgomery and offered Petitioner less time.  He also had a photo line-up of six pictures one included a blown up picture of Petitioner with changes made to Petitioner face. The reason my photo was able to be obtained for line-up was the fact that I was serving an 18-moth sentence for writing checks on Petitioner on business  and personal accounts as a result of a past gambling addiction and prior felonies because of it.

*3*

The still shot photo of the actual persons committing these crimes was not presented in court, only the photo line-up was submitted as evidence. Detective Roberts also mentioned he had DNA evidence that was sent to the lab. It did not show up in court. The same still shot photo Detective Roberts showed me was shown to the victims at the police department before he interrogated me. He used this picture alone with the alter photo line-up he showed me to obtain the victims signature at the police department. He stated I have four witnesses who have positive identified you as one of the persons committing these crimes.

Petitioner was appointed a court appointed attorney to represent Petitioner by the court on December 20, 2004, without Petitioner acknowledge and Petitioner was not notified of this appointment for months later. Attorney Durant who was appointed by Judge Hobbs continue to represent Petition without Petitioner knowledge, according to onli on-line case summary until April 28, 2005. No notice from court or him, about hearings, and trial that was originally set for May 2, 1905.

It was during the month of April 205, that Petitioner was suddenly picked up and taken to court by Montgomery County deputy. While waiting to go to court on that Saturday, Petitioner blinked out hit her head and brusied it, sprung her shoulder, dislocated her teeth, broke a tooth and was taken back to Julia Prison. The county denied Petitioner medical care. Petitioner never made it to court. Petitioner

4

Petitioner was taken back to Montgomery to Baptist for Emergency treatment. Theefore, I never made it to court to see exactly what was happening.

As a result of not knowing why the court date was scheduled, my husband hired an attorney, Cynthianther May, to represent Petitioner because Petitioner still was not aware that the court had appointed an attorney.

Attorney Mays came to visits Petitioner once around May 12, 2005, to bring an offer made by the District attorney. (letters enclosed) *Exhibits C*

Petitioner contact Attorney Mays twice during that time to obtain information concerning the charges. She responded each time stating she had not finished her review. The time Petitioner saw Attorney May was the eveing of August 22, 2005, when she came to the jail house to tell me I would be having a jury trial the next morning and she is leaving word for me to dress in civilian clothes. During the week leading up to August 22, 2005, I had been suddenly picked up again and brought to court without any notice of what was going on. During this visit with Attorney May, Petitioner aaked many questions but received few answuers. Petitioner asked about the evidence did she have the pictures, what about an alibi, character witness, at the trial. She stated don't worry She had everything under controlled.

August 23, 2005, Petitioner set through the whole jury selection without one word being asked or an opportunity to review the jury list or ask questions. All the jurors were present as the Judge, Prosecutor and trial attorney asked them questions, etc. Before the trial begin the prosecutor

*5*

pointed Petitioner out to the witnesses.  Later he
asked them on the stand what was Petitioner wearing in court
today and do you see her today.

The jury wanted valuable information but was denied
it.  They wanted the original descriptions of the offenders
in the police complaint, they wanted to see the still shot
photo that one of the victims mention during her testimony,
and more detial information about the hearsay that Detective
Roberts mentioned.  The court denied the jurors all their
requests.  On August 24, 2005, Petitioner was convicted on all
counts.

Petitioner wanted to testify but Petitioner's attorney
would not let her.  Petitioner attorney was not prepared
did any investigation, did not object appropriately, allowed
hearsay to be admitted, Did not file necessary motion
to obtained discovery of all evidence, to suppress, did not
oject to leading questions, etc.

Petitioner trial attorney was fired immediately after.

Petitioner obtained the service of Thomas Goggans to
represent Petitioner at the sentencing hearing and to submit
an appeal he was ineffective throughout the process.

Petitioner obtained the service of Richard Keith to submit
an appeal.  He intentionally left out valid grounds in the appeal
the would have resulted in a different outcome.  He also
filed a fraudulent document to the court  when he had been paid.

6

Petitioner appeal was affirmed.  Petitioner submitted on her own an application for rehearing, it was denied. Petitioner contacted the court of criminal appeal about the ineffectiveness of the appeal attorney no action was taken to have the appeal corrected by the court. Petitioner listed in Petitioner Motion for help and Mercy *Exhibt D* many of the constitutional violations that would have caused a different outcome.  Apepal was affirmed.

Petitioner as pro se, submitted the appeal to the Supreme Court of Alabama.  It was dismissed for untimely.  Petitioner file a motion to rehear it was denied.

Petitioner continued to filed motions such as Retrial, Motion to show cause, to inform, motions to receive the transcript, motions concerning notification of hearings and trial procedures all denied.  *Exhibit K*

Petitioner submitted a state habeas corpus on January 28, 2007, to the circuit court it was denied.  The court wrote back ordering Petitione to submit a Rule 32 within 30 days *Exhibit E* on March 9, 2007.   Peitioner at this point lost and confused with limited options, Petition the federal court for a writ of habeas corpus due to the numerous Constitutional violations by all parties involved, which include the circuit court, Judge Hobbs, The Montgomery Polce Department, The Prosecution, court appointed attorney, and all three paid ineffective of assistance attorneys.

On May 1, 2007, Petitioner received an order from the Judge Hobbs, dismissing Petitioner case due to failure to submit a Rule 32 within 30 days.  *Exhibit F*

*7*

Petitioner is before this court Petitioning this court to release Petitioner from this unconstitutional imprisonment.

8

ARGUMENT

What makes a fair Trial?  Legal rights are safeguarded; witnesses are compelled to appear and testify; there is adequate time to investigate and prepare a defense; witnesses are allowed to testify; and the defendant has the right to face his or her accusers; Alibi places the defendant at a location from the scene of crime at the time crime was committed.

Simply because of error in law and harmful errors as well as violations of Petitioner, Alabama Constitution Rights of 1901, the United States Constitution, Federal and Statutory Laws is the reason Petitioner is fighting for Petitioner freedom.

The manifest purpose of the Constitution is to secure the citizens against the arbitrary action of those in authority and to place them under the protection of the law, State v. Bush, 12 Ala. App. 309, 68 So 492 (1975).  The constitutional rule of confrontation is but a sanction of the right recognized under the common law and is subject to the same exception as then existed.    Petitioner submit the following in support of her response to the court to grant her freedom:

1.  Parson v. State 251 Ala, 467, 38 SO. 2d 209 Prohibits the state from depriving any person of life, liberty or property without due process of law.

2.  Waley v. Johnson, 316 U.S. 101, 102 (1942) (stating that the use of habeas corpus in federal courts extends to cases where the conviction has been in disregard of the accused's constitutional rights and  writ was only way to preserve those rights.

*9*

B.  Petitioner's Request Petition Be Stayed and Held in
Abeyance and Writ be issued due to Constitutional violations.

a.  In Brown v. Vasquez, 952 F. 2d 1164, 1166 (9th
Cir. 1991), 112 S. Ct. 1778 (1992), the court observed
that the Supreme Court has "recognized the fact that the writ
of habeas corpus is the fundamental instrument for safe-
guarding individual freedom against arbitrary and lawless
state action.  Harris v. Nelson, 394 U.S. 286, 290-91 (1969)."
Therefore, the writ must be administered with the initiative
and flexibility essential to insure that miscarriages of
justice within its reach are surfaced and corrected." Harris,
394 U. S. at 291.

b.  The writ of habeas corpus serves as an important
check on the manner in which state courts pay respect to
federal constitutional rights.  The only standards the
district court can impose on the states are those dictated
by the Constitution, Daye, 712 F 2d at 1571.

c.  The writ of habeas corpus has been called the
"Great Writ" since it is the most fundamental device we
have to protect ourselves from arbitrary arrest or
continued confinement without just cause.

d.  Although court's power under 28 USCS 2241 (c)(3)
is plenary, statute mandates direct rule of abstention
which requires petitioner to exhaust his state court remedies
before resorting to federal system, and exhaustion requirement
stems from considerations of comity and does not limit
jurisdictional power of court to issue writ.  Codispoti
v Howard (1978), CA6 Mich) 644 F2d 543, (1981) 452 US 964,
69 L Ed 2d 875, 101 S Ct 3115.

10

e. Doctrine of exhaustion of state remedies governs proper exercise of power but does not delimit federal power of habeas corpus under 28 USCS 2241; it is restriction in consideration of comity rather than in scope of federal habeas corpus jurisdiction. United States ex rel. Waldron Ordog v Yeager (1969, DC NJ) 299 F Supp 321.

f. Petitioner who has provided his claim to highest available state court on direct appeal is not required to show that he sought collateral review in state court as condition to petitioning for federal habeas corpus relief. Ward v. Wolff (1980, DC Nev) 499 F Supp 1129.

g. A writ of habeas corpus would be granted where it was shown there was a failure to give the Petitioner compulsory process for the attendance of available Alibi witnesses to which Petitioner was entitled to have by the the Constitution of the United States.

h. The errors in this case was egregious and prejudicial. United States ex rel. Tyrrell v. Jeffes (1976, ED PA) 420 F Supp 256.

i. Write of habeas corpus is granted where defense counsel failed to investigate petitioner's background or talk to his family members about his background, despite attempts by several family members to contact counsel, and where rudimentary investigation would have disclosed.. Ford v. Lockhart (1994), ED Ark) 861 F Supp 1447, petition dismd.

Writ will be granted where proceedings, viewed in their entirety, showed counsel's advice to Petitioner inconsistent

//

Writ will be granted where proceedings, viewed in their entirety, showed counsel's advice to Petitioner inconsistent and ineffectual.  Jennings v. Zahradnick (1978, WD VA) 455 F Supp 495.

j.  Rinehart v. Brewer (1977, CA 8 Iowa) 561 F 2d 126. States standard for measuring ineffectiveness of counsel in habeas corpus petition is that trial counsel fail to render when he does not exercise customary skills and diligence that reasonably competent attorney would perform under similar circumstances, and defendant must have been materially prejudiced in defense of his case by actions or inaction of defense counsel.

k.  MacKenna v. Ellis (1960, CA 5 Tex) 280 F 2d 592, mod on other grounds (1961, CA 5 Tex)    Relief was granted because state advance trail date, defendant could not obtain witnesses; trail court failed to protect defendant from hasty trail and errors of inexperienced counsel, habeas corpus was granted, and defendant who was confined in state prison was discharged because of violation of due process.

l.  Under 28 USCS 2241, necessary predicate for granting of federal habeas corpus relief to state prisoner is determination by federal court that state's custody of prisoner violates Constitution laws or treaties of the United States.

m.  Brown v. Allen, 344 U.S. 443, 458, 73 S. Ct 397, 97 Ed, 469 (1953) The Supreme Court held that all Federal Constitutional rights that have been incorporated through the fourteenth amendment Due Process Clause and thereby maade applicable to the states are cognizable on Federal

*12*                                    3

n.  Due process of law.. does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution.  Petitioner's letters to trial attorneys May confirm that Petitioner did not have sufficient notice of the accusation and an adequate opportunity to defend Petitioner in the prosecution, as well as the case action on-line summary confrim Petitioner was totally over looked throughout this process by the circuit clerk, and the trial judge who allowed these mistakes to continue throughout this cause as court records reveal.

Petitioner is being asked to go back to the state court where Petitioner rights has been grossly violated.  The court of criminal appeal based it findings  and affirmed the appeal on an arraignment that never occured.  The only entries that shows an arraignment is on Petitioner request for speedy trail that was never returned to Petitioner, that someone falsely annotated in the court.

o.  United States Constitution, Art I, 9, CL. 2. And the due process clause speaks with an equal want of particularity when it declares that, "no person shall.... deprived of life, liberty, or property, without due process of law,"  United States Constitution Amend V.  Balanced against this is the power of Congress to "ordain... to enact all laws necessary and power to carry into effect the constitutional powers

*13*

of the courts as well as its own, United States
Constitution Art I, 8, CI, 18.

p. The several courts of the United States, and the
justice and judges of such courts, within their respective
jurisdictions, in addition to the authority already
conferred by law, shall have power to grant writs of habeas
corpus in all cases where any person may be restrained of
his or her liberty in violation of the Constitution.... or
law of the United States... From the final decision of any
judge, justice, or court, inferior to the circuit court, an
appeal may be taken to the circuit court of the United
States......

q. Brown v. Allen, 344 U. S. 458, 73 S. Ct. 397
97, L Ed 469 (1953) The Supreme Court held that all Federal
Constitutional rights that have been incorporated throughout
the fourteenth amendment due process clause and therby
made applicable to the states are cognizable on Federal
habeas corpus and that a habeas petitioner can press such
claims even if they had been fully adjudicated in the state
court.

r. When the district court denies a habeas petition
on procedural grounds without reaching the prisoner's
underlying constitutional claim, a COA should issue when the
prisoner shows, at least, that jurists of reason would find
id debatable whether the petition states a valid claim of the
denial of a constitutional right and that jurists of reason
would find it debatable whether the district court was correct.

*14*

s.  The court endorsed the "stay and abeyance" solution suggested by several of the lower courts, under which in appropriate cases, the portion of a state prisoner's mixed petition related to exhausted habeas claims are stayed and held in abeyance until he can return to state court and exhaust his unexhausted claims.  Due to the state courts not having a time framed to rule on Rule 32 and the many potential motions of the respondent can result in the Rule 32 being delayed for months or years  running the risk of Petitioner forever losing Petitioner opportunity for any federal review of Petitioner unexhausted claims.

t.  Discretion vested in Federal courts to issue writs of habeas corpus should be exercise in light of relation existing between state and federal courts under our dual form of government, which relation should not be disturbed by unnecessary conflicts between state and national tribunals that are equally bound to guard constitutional rights. Johnson v. Wilson (1942, CA5 Ala) 131 F 2d

u.  The court eased the exhaustion restriction considerably in Fay v. Noia, 372 U.S. 391 (1963), in which it held, that federal courts were permitted, but not required to deny habeas for an intentional failure to exhaust state remedies.

v.  Exhaustion.  State prisoners were once required to exhaust the opportunities for state remedial action before federal habeas relief could be granted, 28 U.S. C. 2254 (b), (c) (1994 ed.).

*15*

This "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution," Ex parte Royall, 117, U.S. 241, 251 (1886).

The state court in Petitioner cause did not guard and protect Petitioner rights secured by the Constitution.

w. Procedural default may be excused if a Petitioner can show "cause and prejudice" or that a fundamental miscarrage of justice would result. Edwards v. Carpenter, 529 U.S. 446, 451, 146, L Ed 2d 518, 120 S. Ct 1587 (200)

x. Procedural default may be excused if a Petitioner can show cause and prejudice or that a fundamental miscarrage of justice would result. (Criminal Law & Procedures) Dye v. Hofbauer, No-o4-8384 (Oct 11, 205)  Lounsbury v. Thompson, No-03-35863 (9th Cir June 29 2004)  Castillo v. McFadden, No.03-15715 (9th Cir. June 1, 2004)  Lambright v. Schriro, No 04-99010. A habeas Corpus Petition containing unexhausted but procedurally barred claims is not mixed petition requiring dismissal. Although the unexhausted claims may have not been presented to the highest state court.... Robert E. Wenger, Jr v. Frederick K. Frank Because the state court would find the claims procedurally defaulted. The district court may not go to the merits of the barred claims but must decide the merits of the claims that are exhausted and not barred.

*16*

ARGUMENT

A habeas corpus petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal. Although the unexhausted claims may not have been presented to the highest state court..... Under Rose v. Lundy, 455 U.S. 509, 71 L. Ed

Procedural default may be excused if a petitioner can show cause and prejudice or that a fundamental miscarriage of of justice would result.  Edwards v. Carpenter, 529 U.S. 446 451, 146 L Ed 2d 518, 120 S. Ct 1587 (2000).

A In Powell v. Lamber, No-01-35809, The ninth Circuit held ..... that the mixed petition procedural bar applied by the Washington Supreme Court to the petitioner's state post conviction petition were not adequate.

Lambright v. Schriro N0-04-99000 Trial counsel failed to to investigate and present evidence.... Petition granted.

Rober E. Wenger, Jr., v. Frederick K. Frank Petition granted.  A habeas corpus petition containing exhausted but procedurally barred claims is not mixed...

Procedural default maybe excused if a petitioner can show cause and prejudice or fundamental miscarriage of justice would result... ( Criminal Law & Procedures Habeas Corpus Exhaustion, Pennsylvania Supremen Ct.

*17*

*C.*  CAUSE

**Wainwright v. Sykes, 433 U.S. 72 (1977)**
(finding( that claims not presented in the state court
only if there is cause and prejudiced.

Egregiously incompetent defense lawyers accounted
for reversal as quoted in AEDPA Judicial and Judicial
Procedure.

In a report published in 1990, the American Bar
Association (ABA) concluded that inadequate counsel greatly
increased the risk of convictions that are flawed by fun-
damental, factual, legal or constitutional error. The errors
in Petitioner cause were serious errors that substantially
undermined the reliability of Petitioner outcome.  The error
was prejudicial and cause.  The innocence Protection Act of
2004 permits the Attorney General to make grants to states so
they can improve the quality of legal representation provided
to indigent defendants in state capital cases.  In subject
case the court appointed an attorney who inturn violated
Petitioner Constitutional rights of the United States,
The Alabama Constitution of 1901, Federal and Statutory
laws, starting on December 20, 2004 until April 28, 2005
as the court appointed spoke on Petitioner behalf without
informing Petitioner, obtaining a waiver, visiting Petitioner
to consult with Petitioner concerning cause, entering a plea
on petitioner behalf, attending hearing and status call,
to the point of setting an initial trial date of May 2, 2005,
without Petitioner having a chance to appear before the judge

*18*

the judge.  Total Due Process of law required by the Constitutional was allowed to be ignored, and court appointed attorney was allowed to speak for Petitioner and it did not cause an alarm to the court or the prosecutor that Petitioner had not appeared in court for any of the hearing relating to this cause.

This is one of the reason the writ of habeas corpus plays a key role in restoring justice when the system fails. The issues of trial finality and adequate representation ia a big issues facing Congress today.

Unprofessional errors of court appointed attorney, Winston Durant, trail attorney, C. May, 1st appeal attorney, Thomas Goggans, 2nd appeal attorney, Richard Keith the proceeding in this case would have been different in the outcome.  Counsel conducts in this cause amount to Constitutionally ineffective assistance of counsel.

In attorney Goggans response to the Alabama State Bar he states he would have filed  an Anders no merit brief. The Alabama State Bar did not take any action on any of the complaints filed regarding this cause.

Petitioner states the following as cause relating to ineffective assistance of counselors.

1.  A federal Constitutional claim in State Court must show cause for that default and prejudice attributable thereto, In order to obtain Federal habeas corpus review.

2.  Court appointed attorney upon his appointment waived Petitioner rights to an arraignment on December 20, 2004. He continue to represent Petitioner at all hearing and never

*19*

informed the Petitioner he had been appointed by letter, or visiting Petitioner at Julia T. Prison. Court appointed attorney attended several hearing and made decisions on Petitioner behalf which ended up with Petitioner Due Process of law being violated by the court appointed attorney from December 20, 2004 until April 28, 2005, when Petitioner husband obtained the service of Attorney May around the 23th of April 2005, there to or about. A jury trial was set and agreed with by attorney Durant without Petitioner knowledge. Petitioner Constitutional rights were totally violated by Attorney Winston Durant.

3. Trial Attorney C. May was ineffective in the following ways:

1. She did not file any motions on Petitioner behalf.

2. She did not do any investigations of the photos, DNA, or the survillance tapes, etc that was in the police department evidence file and the district attorney office.

3. She was not prepared for trial as her motion to continue states on August 10, 2005.

4. She did not have an evidentiary hearing.

5. She allowed hearsay to be admitted during the trial.

6. She did not object appropriately nor have matters suppressed.

7. She did not allow Petitioner to testify even after Petitioner pleaded wtih her to testify.

8. Petitioner was not allowed to have witnesses.

9. Petitioner was notified less than 24 hours a trial was the next day. Did not present Petitioner alibi, failed to

*20*

ensure Petitioner was informed of the charges against her
as enclosed letters will confirmed Petitioner wrote her
requesting information about the charges.  Exhibit____.

10.  Petitioner's trial attorney did not object to
leading questions by the prosecutor.

11.  Petitioner's trial attorney did not agree to
let the jury obtained needed information that would
assist them in their verdict concerning the still shot
photos, the hearsay evidence and copies of the original
complaint that was filed.

12.  Sentencing and 1st appeal attorney Thomas Goggans
did not do any investigation to obtain the evidence from the
police department as he was informed also.   He did not let
Petitioner review the pre-sentencing report before the
hearing; He did not allow Petitioner to have a formal
hearing to present the evidence from the police department;
He did not file a motion for Retrial even thou he stated
during the sentencing he would filed motions relating to
the Constitutional violations; He allowed Petitioner appeal
to be dismissed due to his failure to pay the fees, etc.

13.  Second appeal attorney Richard Keith did not do
any investigation as he had promised before hired; He did
not submit all the numerous Constitutional violations
by the court, trial attorney and 1st appeal attorney, and the
prosecution.   Attorney Keith submitted a motion to the
court without Petitioner knowledge asking the courts to
approve Petitioner as indigent after he had been paid his
asking fees and fees for the transcript and docket fees.

21

He submitted a fraudulent motion to the court.  He also intentionally withheld valid claims out of the appeal to receive additional money for a rule 32.  According to Alabama Rule of court, ineffective assistance of counselor, hear-say, and the other grounds could have been included the original appeal and the outcome would have been totally different due to the Constitutional violations and serious errors made by counselors.

The errors in this cause were in fact egregious and prejidicial.  Records support that conclusion that attorney's service were ineffective in manner which shows first attorney appointed by the court, trial attorney, and both appeal attorneys failed to exercise customary skills and diligence and that petitioner was prejudiced by action of her attorneys resulted in Petitioner being sentenced for crimes she did not commit and appeal being dimissed due to ineffective appeal attorney.

## CAUSE

Prosecutorial behavior cause Petitioner great harm to Petitioner during this cause.  Prosecution tainted the witness by pointing Petitioner out to them before the trial; Prosecution withheld favorable evidence from Petitioner; Prosecution statment during his opening remarks was direct prejudiced toward Petitioner and Petitioner attorney did not object when he stated " You're going to hear the defendant admit, hey, I have got a gambling problem.  Okay. She admitted she had a gambling problem." Exhibit A

22

Prosecutor has a constitutional duty to volunteer matter to the defense if the evidence would create a reasonable doubt as to the quilt of the accused., Jones v. Shankland, 800 F 2d 77, 80 (6th Cir 1986)

Giglio v. United States (1972) 405, US 150 3L LFD 2d 104, 92 87 2d 802.. Prosecutor's duty under due process clause of the fifth ammendment to disclose evidence

Acordingly as petition submitted to this numerous Constitutional errors by all parties involved significantly impacted the outcome of this cause. Petitioner has shown cause and prejudice and a fundamental miscarriage of justice.

During the sentencing it was the prosecution who the trial judge asked the prosecution when did we arraignment arraign Ms. Stinson, the prosecution stated his records states Ms. Stinson was arraigned on December 20, 2004.

This was prejudiced to the Petitioner as the prosecutor is not the one who is responsible for Petitioner being arraigned. His records shows! The court records I have received today on-line summary and manual summary does not show an arraignment took place. The court of criminal based it finding on the court records that an arraignment was held as stated in the records. Someone annotated on Petitioner request for speedy trial an arraignment was held on December 20, 2004. I have been denied this transcript.

Exhibit H

Justification for cause and prejudice is throughout this cause.

23

The justification for cause and prejudice and miscarrage in justice is throughout this cause.
Petitoner has deeply been harmed by these errors.

Petitioner trial attorney's motion to continue dated August 10, 2005, states the district attorney informed her of the trial of August 15, 2005, not the court but the district attorney. Are decision concerning upcoming trial dates decided by the district attorney? Should the original trial date been known in advance by both paties to prepare for the trial, to notify witnesses, etc. From April 28, 2005, even after trial attorney submitted her notice to the court, the court continue in it's practice of violating Petitioner Constitutional rights. On-line records shows August 2, 2005, status call, Petitioner attorney was not notified, Petitioner was not notified, but the prosecution was well informed. Jury trial set on 8-15-05 at 9:00 on August 2, 2005. A hasty trial!!! Even after Petitioner's trial attorney asked to have it continue she was only given nine days by the prosecution not the court. *Exhibit d*

*24*

Wainwright v. Sykes, 433 U.S 72 (1977)
(Findings that claims not presented in state court
may be raised on habeas corpus only if there is "cause
And prejudice").

Rhines v. Weber, 125 S Ct 1528 1533 (2005) It
would be an abuse of discretion For a district
court to deny a stay and to dismiss a mixed petition
if the petitioner had good cause for his failure
to exhaust, his unexhausted claims are potentially
Meritorious And there is not indication that
the petitioner engaged in intentionally dilatory
tactics.

### A. PreJudice

Petitioner has enclosed For this court purpose
A copy of the ON line case Action Summary Exhibit A
that will confirm the PreJudice Petitioner
has received throughout this cause As well
As copies of the transcript provided by the
Attorney General statements that were made
by the court, Judge T. Hobbs, by the Prosecutor
Brandon Hughes And a letter that prevented petitioner
From being Approved to receive A bond pending Appeal,
Manual copies of case Action Summary Signed by
Judge T. Hobbs, Approving waiver of petition presence
On -12-20-04, to An Arraignment, without Petitioner

25

being notified or given the opportunity to sign
A waiver. The on line case Summary shows all
the many Court hearings that was scheduled And
conducted without petitioner presence. The court
Allowed someone to enter A plea As A Jury
trial was set For May 2, 2005, without petitioner
ever Appearing before the court.

Petitioner was serving time on A 10 split 18 Months
For writing checks due to a past gambling Addiction.
Not one letter was sent to petitioner regarding
Any of the hearings that was held throughout
this cause. The court mistakes prejudiced
the petitioner As petitioner is serving time
due to mistakes made by the circuit clerk And
Judge T. Hobbs.

Petitioner states As Follows
    1. The on-line case Action Summary does not
Show An Arraignment was held. The manual case
Action summary shows Arraignment 12-20-04,
presence waived And sisted by Judge Hobbs. Petitioner
has requested the transcript to Assist in her Appeal
on 12-22-06 As prose, the court never responded.
    2. On-line case Action Summary shows starting
in December 2004, The court Appointed Attorney or
someone represented, Petitioner At hearing And
Made decisions on Petitioner behalf, According to
case summary Manual And on-line. Other court
dates that petitioner was not Allowed to
Attend by the court. are as follows:

26

1. December 20, 2004, - Manual Case Action Summary Shows A hearing.

2. December 14, 2004, On-line Shows A hearing, etc.

3. January 7, 2005 - A hearing, etc

4. February 11, 2005 - Status Finally Changed to Prison After Almost A year. Sentenced March 11, 2004.

5. April 20, 2005 - hearing, Attorney Durant is Present, Petitioner still has not been Notified of his Appointment by Attorney Durant or the Court.

6. April 20, 2005 - A Jury trial was set For May 2, 2005 at 9:00 AM. No Plea, No Confrontation, etc

7. April 20, 2005 - Status call set For 4-26-05 At 10:00 AM.

8. April 20, 2005 - Transport Order issued to MCDF

9. April 21, 2005 - Transaction took Place

10. April-26-05 - Manual Case Action Shows - "Still At Doc due to illness. Not true. Petitioner was Suddenly picked up Around the 20th of April by the Montgomery County deputy to Appear in court. The deputy did not know what For. While Awaiting to Attend the court hearing on that Saturday, Petitioner blinked out And bruised her head, dislocated her teeth, broke A tooth, And Sprain her Shoulder. The County denied petitioner Medical care And took Petitioner back to Wetumpka to be taken to the emergency by DOC staff. They denied me medical care At the county. Petitioner Was treated At Baptist in Montgomery And released with orders to see A dentist, A Sling on Arm And pain medications for injuries on body.

27

11. April 28, 2005 - After Petitioner Never Made it to Court, Petitioner husband contacted Attorney Max to represent petitioner And to obtain information About what was going on And why Petitioner was Appearing in court And the charges, etc. She submitted her Notice of Appearance; And A Motion to Continue. (That Motion was not included in the package I received From the Attorney's General.

12. August 2, 2005, - A hearing was held, Status Call set For August 9, 2005, At 900am. Also on this date A Another Jury trial was set For 8-15-2005 At 9:00 AM. Neither Petitioner or Petitioner Attorney notified About this Court date, or the scheduled Trial date of 8-15-2005.

The record continues to show Petitioner Constitutional Rights under the United States Constitution, the Alabama State Constitution of 1901, Federal And State Laws was Violated by the Court including Judge Hobbs And Melissa Rothrous, court clerk,

In A Motion to the court Petitioner requested information regarding the procedures For notifying defenders of upcoming hearings, trials, etc. Petitioner Never received A response it was denied.

13. August 15, 2005 - Motion to Continue- Filed by Attorney Max, After She received A return telephone from the Prosecutor, Brandon Hughes. She had called him in regards to the Surveillance tape he had of the crimes. It was during that conversation, Petitioner Attorney was informed About A trial on August 15, 2005. She responded And Ask to Continue. (letter Attached)

28

13. August 9, 2005 - Witness Subpoena Issued. I was not Allowed An opportunity to Subpoena witness. I was not Allowed An opportunity to A Fair trial by the Courts Prosecutor or trial Attorney, Appeals rights were violated by Appeals Attorneys And sentencing Attorney.

14. August 23-2005 - Not on either Summary. The First date of the trial. Petitioner was Allowed to set through the entire Jury selection And Never Asked one question From the court, trial Attorney or Prosecutor. Petitioner was Never Afforded A Jury list to review, etc.

15. August 23-2005 - before the trial begun the Prosecutor tainted the witnesses, by pointing Petitioner out.

16. August 24-2005 - Petitioner Found guilty - Petitioner set through An entire trial And was not Asked not one word by the Judge, the Prosecutor And the only statement that was Asked by trial Attorney was For Petitioner to Stand And be observe by the Jury.

    Throughout this entire Process Petitioner was Prejudiced by the circuit Court, court of Criminal Appeals, the Prosecutor, Appointed Attorney, Winston Durant And court Clerk.

17. Judge Nobbs statement before the Jury was dismissed to make A decision was Prejudiced He stated " In A moment we Are going to let you go back into the Jury deliberation room back here. When you do so, I want you to use your knowledge of Exhibit J

29

people And their Affairs. That's what we call common sense. That's why we have got y'all in here today is to bring your common sense to bear in this case. In A Jury decision it is based on evidence And Facts, Not on the Above Stated quote by Judge T Hobbs- Prejudiced !!!! Exhibt

Under 28 USCS 2254 (d)(1) Finding of un-reasonableness of state court's Application of clearly established Supreme court precedent required for habeas relief requires Finding that such Application is so offensive to existing precedent, so devoid of record support, or so Arbitrary as to indicate that it is outside of universe of plausible, credible out comes. 60 F Supp 2d 655, Affd (2001) CA 6 Mich) 257 F 3d 554, 2001, FED App 217,

Brady v. State 215 Ala 110 SO. 162 (1926) It is the imperative duty of the courts to see that the rights of An Accused are not taken Away From him.

A person Accused of A Felony, must be Arraigned in person And must plead in person; And in All subsequent proceedings, it is required that he shall Appear in person. Frost v. State of Ala 235 Ala 232, 142 S. 427 (1932),

30

Mackenna v. Ellis (1960) CA 5 TEX 289
F 2d 928. Trial court failed to protect
defendant from hasty trial and errors of
ineffective counsel during the trial - - - -
petition granted.

Roger v. Peck (1905) 199 U.S 425, 50 L Ed
256 S Ct was only where fundamental
rights, specially secured by Federal Constitution
were invaded that interference by Federal
courts with State in Administration of its
criminal law was warranted.

Gilchrist v. State, 234 Ala 73, 173 SO, 651
(1937) Trial court can be trusted to see
that every man brought before them charged
with crimes shall have the full measure of
protection guaranteed to him by Amend 6
of the constitution.

Herbert v. Louisana, 272 US 312. states the duty
of the state court to protect constitutional
rights And they are under obligations to guard
And enforce every right secured by the
Federal constitution.

31

In Brown v. Vasquez, 952 F. 2d 1164, 1166 (9th Cir. 1991) 112 S. Ct 1778 (1992) the court observed that the Supreme Court has "recognized the fact that the writ of habeas corpus is the fundamental instruments for safeguarding individual freedom against arbitrary and lawless state action.

Therefore the writ must be "administered with the initiative and flexibility essential to insure that miscarriage of justice within its reach are surfaced and corrected." Narris, 394 U. S. at 291.

The writ of habeas corpus serve as an important check on the manner in which state courts pay respect to Federal constitutional rights.

Under 28 USCS 2246 necessary predicate for granting of Federal habeas corpus relief to State prisoner is determination by Federal court that State's custody of prisoner violates constitution, laws or treaties of the United States as stated in Rose v Hodges.

32

Due Process of law requires Fair Notices that One's conduct is subject to a law or resolution As stated in Brooks v. Alabama State Bar, 574, so 2d 33.

Rule 4.4 Initial Appearance, states clearly the requirement of the court to inform the defendant of his right to demand a preliminary hearings---- The Felonies charged against him And rights According to the Constitution.

33

<u>E.</u> Relief For State Prison is only Available if the state Courts have ignored or rejected valid claims. Petitioner states the Following:

1. Petitioner, during the sentencing on October 24, 2005, when Petitioner was Finally given the opportunity to speak before the court, to Judge T. Nobbs, After being ignored From December 14, 2004 to October 24, 2005 sentencing And there fore. <u>On-line Case Summary will Confirm.</u>

2. Petitioner mentioned to the court As transcript will Confirm that she did not have An opportunity to plea, to be anaisned, to testify, to have witnesses, etc And was ignored by the court After more then once informing the court during sentencing. Petitioner Attorney, Thomas Goggans stated. "He would File motions" but never did

34

relating to these claims. Exhibits _____

Judge Nobbs stated page 8, " The Court:

Ms. Stinson, I'm not going to retry the case.
Exhibit K

3. Petitioner has submitted A motion For Re-trial
on January 4, 2006, After realizing sentencing
And First Appeal Attorney did not, mentioning
the numerous Constitutional violations.

Motion was denied Exhibit Exhibit A.

Petitioner throughout this cause As on-line
enclosed case Action Summary will confirm
has Submitted several motions to show cause,
to inform And letters to the court regarding
Petitioner Constitutional rights to fair trial
And Fair Sentencing hearing. As of January
28, 2007, Petitioner submitted to the circuit
Clerk, A petition For Writ of Habeas Corpus

35

Identifying the numerous Constitutional
Violations by All parties involved the
Circuit Clerk, Judge Hobbs, appointed
Court Attorney, Petitioner paid Trial
Attorney, Petitioner paid-Sentencing First
Appeal Attorney And Second Appeal Attorney
As well As the Montgomery Police Department
Detative Jason Roberts Actions.

Petitioner received back From the court
around the 9th of March. Requesting Petitioner
to submit A Rule 32 petition within thirty (30)
days. Petitioner At this point submitted
A petition For Writ of Habeas Corpus to
the Federal Court seeking help through
the subject petition. Petitioner realized
her petition For habeas corpus had been
Exhibits E

36

ignored Just As All the motions Petitioner
have submitted throughout this cause have been
denied or rejected by this court, before Petitioner
went Ro se And After Petitioner went
Pro se. Petitioner request For transcript
was never responded to And Petitioner never
received the requested transcript it was
denied or rejected. (case summary On-line)
The only correspondence received back from
the circuit court (1) Petitioner Retrial
denied (2) Petitioner Order to do A Rule
32 within Thirty (30) days. (3) Petitioner
received An order dismissing petitioner
case due to petitioner Failure to submit
A Rule 32 within 30 days.
   Petitioner After submitting the State habeas
Corpus and it denied or rejected sought
help through your court due to All
the numerous constitutional violations
in this cause, where writs in many
cases have been granted with only one

37

Petitioner has not only presented the Constitutional claims to the circuit court, but also to the court of criminal Appeal. Petitioner upon realizing that paid Attorney, Richard Keith, had not included the ineffective Assistance of counselors regarding the the trial Attorney And Sentencing Attorneys, As well As the hearsay, Photo-line up, Prosecution Actions, Petitioner wrote A motion to the Court of Criminal Appeal entitle "Motion For Help And Mercy." Court of criminal Appeal clerk responded And Stated "The court Appointed Richard Keith to represent you on January 2006. As long As he is representing you in this cause you need to seek him" Petitioner wrote the court back explaining he was paid on November 21, 2005 to represent Petitioner. Petitioner did not get Any help regarding Motions or letter to the court of Criminal Appeal. Petitioner was helpless At this point. The words that Attorney Dossans wrote to his response to the Alabama State Bar stood so clearly out "cl expect the court of Criminal Appeal to confirm the Appeal" As the arraignment issue Attorney keith submitted is procedurally barred---- Also Attorney keith state "cl would have submitted An Andie no merit brief" The Alabama State Bar took no Actions on his complaints, Attorney keith complaint, etc.

38

O'Sullivan v. Boerckel 117 S. Ct 1728 (1999)
28 U.S.C. Sec 2254 (b)(c)  Under Section 2254(c)
A habeas petition shall not be deemed to have
exhausted the remedies Available in the Courts of the
State... However, because the exhaustion doctrine is
intended to give States A Full And Fair Opportunity
to resolve Federal Constitutional claims. State
Prisoners must give the state courts "one Full
Opportunity to resolve issues. Petitioner has
given the state Court one Full plus more than
one Full opportunity. Petitioner submitted the
Appeal to the Supreme Court of Alabama in An
effort to resolve this Cause. Simply because
the circumstances Petitioner was put in due to
ineffective Appeal Attorney Richard Keith, the
Appeal was dismissed As untimely. Petitioner
Submitted A motion to have it reinstate it
was denied.  Petitioner Submitted A motion for
A hearing on the Appeal in the court of Criminal
Appeal it was denied Also, To show Cause And
requesting interpretation All denied.

Petitioner has given the circuit Court, Court of
Criminal Appeal the constitutional violations in
petitioner Cause All courts have rejected them or
ignored them.

39

CONCLUSION

For the above-stated reasons, this Court should
not dismiss Petitioner's petition.  Petitioner has
afford the state more than a fair opportunity to resolve
these issues, through motions, letters, complaints to the
district attorneys office, the Montgomery Police Department,
circuit court, the  mayor office and the Attorney General
Office as well as copies of the most recent state habeas
corpus was given to all parties on January 29, 2007, and they
all have ignored or rejected Petitioner cause.

Petitioner has provided a prepondrance of documentation
to support this Honorable Court granting Petitioner a Writ
of Habeas Corpus as Petitioner is entitle by the Constitution
of the United States of America.

Respectfully submitted,

Rena D. Stinson
Petitioner

*40*

CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of May, 2007,

I served a copy of the foregoing (including all exhibts)

on Petitioner, by placing the same in the United States

Mail, first class, postage prepaid and addressed as follows:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130

Rena D. Stinson
Rena D. Stinson
Petitioner/Pro se

41

EXHIBIT LIST


Exhibit A - On-Line Case Summary      1-9

Exhibit B - Manual Case Summary       10

Exhibit C - Attonery May's Responses  11-14

Exhibit d - Motion for Help and Mercy  15-20

Exhibit E - Judge Hobbs Order         21

Exhibit F - Judge Hobbs Order         23

Exhibit G - DA statment (gambling)    23

Exhibit H - Speedy Trail Request      24

Exhibit I - Court Transcript  Judge Hobb  26-27

Exhibit J - Attorney Mays' Motion     25

Exhibit K - New Trial Comment  28

Exhibit L - Motion to Supreme Court   29-30

Exhibit M - Complaint on Detective Jason

```
OC01          ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1      OCSOC01

CASE NUMBER: CC 2004 001694 00     TRANS DATE/TIME: 00000000 0000      JID: TMH
  STYLE/NAME: STATE OF ALABAMA  VS  STINSON RENA DORSEY
                                                                     FC PRNTR: N
-------------------------------------------------------------------------------
ACT    DATE    TIME CODE |------------------ COMMENTS ------------------| OPE
-------------------------------------------------------------------------------
    12142004 0069 DOCK NOTICE SENT: 12/14/2004 STINSON RENA
    12142004 0840 JUDG ASSIGNED TO: (TMH) TRUMAN M HOBBS               REG
    12142004 0840 FILE FILED ON: 12/14/2004                    (AR01) REG
    12142004 0840 INDT DEFENDANT INDICTED ON: 07/09/2004       (AR01) REG
    12142004 0840 STAT INITIAL STATUS SET TO: "J" - JAIL       (AR01) REG
    12142004 0840 BOND BOND SET AT: $80000.00                  (AR01) REG
    12142004 0840 FILE CHARGE 01: THEFT OF PROP 1ST/#CNTS: 001  (AR01) REG
    12142004 0840 FILE CHARGE 02: THEFT OF PROP 1ST/#CNTS: 001  (AR01) REG
    12142004 0840 FILE CHARGE 03: THEFT OF PROP 1ST/#CNTS: 001  (AR01) REG
    12142004 0840 FILE CHARGE 04: THEFT OF PROP 2ND/#CNTS: 001  (AR02) REG
    12142004 0841 DAT2 SET FOR:  ARRAIGNMENT ON 12/20/2004 AT 0830A(AR10) REG
    12142004 0844 CASP CASE ACTION SUMMARY PRINTED              (AR10) REG
    01072005 1540 TEXT NOTICE OF DISCOVERY TO DEF, INTENT TO USE PRIOR  DBH
-------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE FILE    ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF
                                                              24=HLP
```

Where is Arraignment on 12/20/04

Where was Dock Notice sent? Stinson in prison as of
March 11, 2004. The only notice mentioned
throughout the summary.

Exhibit A
1 of 9

69

```
OC01       ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1      OCSOC01

CASE NUMBER: CC 2004 001694 00    TRANS DATE/TIME: 00000000 0000    JID: TMH
  STYLE/NAME: STATE OF ALABAMA  VS  STINSON RENA DORSEY         PC PRNTR: N
--------------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------ COMMENTS ------------------| OPE
--------------------------------------------------------------------------------
      01072005 1540 TEXT ..CONVICTIONS, INTENT TO INVOKE SENT ENHANCEMENTS, DBH
      01072005 1540 TEXT ..INTENT TO OFFER PROOF BY A CERT OF ANALYSIS AND  DBH
      01072005 1540 TEXT ..MO FOR DISCOVERY BY THE STATE                    DBH
      02112005 1236 STAT STATUS CHANGED TO: "P" - PRISON        (AR10) GAB
      04202005 1647 ATY1 ATTORNEY FOR DEFENDANT: DURANT WINSTON D   (AR10) REG
      04202005 1647 DAT2 SET FOR: JURY TRIAL ON 05/02/2005 AT 0900A  (AR10) REG
      04202005 1647 DAT1 SET FOR:  STATUS CALL ON 04/26/2005 AT 1000A(AR10) REG
      04202005 1653 TEXT TRANSPORT ORDER TO MCDF                           TOR
      04212005 0904 AWPR W.J.ROBERTS DELETED  W001                         TOR
      04212005 0905 PRTY PARTY ADDED  W001   EMMA JEAN ANDERSON      (AW21) TOR
      04212005 0905 PRTY PARTY ADDED  W002   DHAWIREDDY DEVI         (AW21) TOR
      04212005 0905 PRTY PARTY ADDED  W003   CAROL RAY               (AW21) TOR
      04212005 0906 PZCS PARTY W003 ZCS CHANGED FROM: 36117 0000 MONTGOMERY TOR
--------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

2 of 9

```
OC01      ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1     OCSOC01

CASE NUMBER: CC 2004 001694 00    TRANS DATE/TIME: 00000000 0000    JID: TMH
  STYLE/NAME: STATE OF ALABAMA   VS  STINSON RENA DORSEY           PC PRNTR: N
--------------------------------------------------------------------------------
ACT    DATE    TIME CODE |------------------- COMMENTS ------------------| OPE
--------------------------------------------------------------------------------
     04212005 0906 PRTY PARTY ADDED   W004   W J ROBERTS            (AW21) TOR
     04212005 0906 PRTY PARTY ADDED   W005   AVACEAL WILLIAMS       (AW21) TOR
     04212005 1042 SUBP WITNESS SUBPOENA ISSUED                     AWP24  TOR
     04282005 1343 TEXT NOTICE OF APPEARANCE                               TOR
     04282005 1344 ATY1 ATTORNEY FOR DEFENDANT: MAY CYNTHIANTHER LASHON    TOR
     04282005 1344 TEXT MOTION TO CONTINUE                                 TOR
     08022005 1437 DAT1 SET FOR:   STATUS CALL ON 08/09/2005 AT 0900A(AR10) REG
     08022005 1437 DAT2 SET FOR: JURY TRIAL ON 08/15/2005 AT 0900A  (AR10) REG
     08042005 0833 TEXT TRANSPORT ORDER TO MCDF                            TOR
     08092005 1424 SUBP WITNESS SUBPOENA ISSUED                     AWP24  GAB
     08152005 1551 TEXT MOTION TO CONTINUE                                 GAB
     08242005 0917 DAT1 SET FOR: SENTENCING DKT/HE ON 09/19/2005 AT 0830A  REG
     08242005 0918 DJID DISPOSITION JUDGE ID CHANGED FROM:    TO: TMH      REG
--------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF      24=HLP
```

```
OC01       ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1      OCSOC01

CASE NUMBER: CC 2004 001694 00    TRANS DATE/TIME: 00000000 0000      JID: TMH
  STYLE/NAME: STATE OF ALABAMA   VS  STINSON RENA DORSEY              PC PRNTR: N
-------------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------- COMMENTS ------------------| OPE
-------------------------------------------------------------------------------
      08242005 0918 DISP CHARGE 01 DISPOSED BY: CONVICTED ON: 08/23/2005     REG
      08242005 0918 DISP CHARGE 02: THEFT OF PROP 1ST/#CNTS: 001      (AR10) REG
      08242005 0918 DISP CHARGE 02 DISPOSED BY: CONVICTED ON: 08/23/2005     REG
      08242005 0918 DISP CHARGE 01: THEFT OF PROP 1ST/#CNTS: 001      (AR10) REG
      08242005 0918 DISP CHARGE 03 DISPOSED BY: CONVICTED ON: 08/23/2005     REG
      08242005 0918 DISP CHARGE 03: THEFT OF PROP 1ST/#CNTS: 001      (AR10) REG
      08262005 1327 TEXT TRANSPORT ORDER TO MCDF                             TOR
      09082005 1336 TEXT MADE A COPY OF WRIT OF ARREST/TO BE USED FOR TRANS  TOR
      09082005 1336 TEXT  PORT ONLY/PICKED UP BY MCDF                        TOR
      09122005 1458 ADD1 ADDR1 CHANGED FROM: 2265 EAST ABERDEEN DRIVE(AR01)  REG
      09122005 1458 STAT STATUS CHANGED TO: "B" - BOND                (AR01) REG
      09122005 1459 PRTY PARTY ADDED  S001  FLOYD/BENITHA MATTHEWS    (AW21) REG
      09232005 0833 TEXT MO TO WITHDRAW (CYNTHIANTHER MAY)                   DBH
-------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF      24=HLP
```

4 OF 9

7/

```
OC01        ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1    OCSOC01

CASE NUMBER: CC 2004 001694 00   TRANS DATE/TIME: 00000000 0000    JID: TMH
   STYLE/NAME: STATE OF ALABAMA  VS  STINSON RENA DORSEY           FC PRNTR: N
   --------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------ COMMENTS ------------------| OPE
   --------------------------------------------------------------------------
      09282005 0207 FELN CONVICTION REPORT TO BOARD OF REGISTRARS          REG
      10252005 0841 NAME NAME CHANGED FROM: STINSON RENA         (AR01) DBH
      10252005 0841 STAT STATUS CHANGED TO: "J" - JAIL           (AR01) DBH
      10262005 1516 CH01 DEFENDANT SENTENCED ON: 10/24/2005      (AR05) REW
      10262005 1516 CH01 CVCC PROVISION ORDERED BY THE COURT     (AR05) REW
      10262005 1516 CH01 COST PROVISION ORDERED BY THE COURT     (AR05) REW
      10262005 1516 CH01 HISTORY FEE PROVISION ORDERED BY THE COURT (AR05) REW
      10262005 1516 CH01 PROBATION OF: 05 YEARS                  (AR05) REW
      10262005 1516 CH01 SENTENCE TO BEGIN ON: 10/24/2005        (AR05) REW
      10262005 1516 CH01 IMPOSED CONFINEMENT: 05 YEARS           (AR05) REW
      10262005 1516 CH01 TOTAL CONFINEMENT: 20 YEARS             (AR05) REW
      10262005 1516 CH01 SUSPENDED CONFINEMENT: 15 YEARS         (AR05) REW
      10262005 1516 CH01 SUBPOENA FEE PROVISION ORDERED BY THE COURT (AR05) REW
   --------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

5 OF 9

70

```
OC01       ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1     OCSOC01

CASE NUMBER: CC 2004 001694 00    TRANS DATE/TIME: 00000000 0000     JID: TMH
   STYLE/NAME: STATE OF ALABAMA  VS  STINSON RENA DORSEY          PC PRNTR: N
------------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------ COMMENTS ------------------| OPE
------------------------------------------------------------------------------
      10262005 1516 CH01 JAIL CREDIT: 337 DAYS                      (AR05) REW
      10262005 1516 CH01 RESTITUTION FOR R001 ORDERED BY THE COURT  (AR05) REW
      10262005 1516 CH01 R001 REST AMOUNT ORDERED: $22060.16        (AR05) REW
      10262005 1516 CH01 SPLIT SENTENCE PROVISION ORDERED BY THE COURT     REW
      10262005 1516 CH01 PENITENTIARY PROVISION ORDERED BY THE COURT (AR05) REW
      10262005 1516 APPL CASE APPEALED ON: 10/24/2005               (AR10) REW
      10262005 1516 APPL APPEAL "TO" TYPE: "S"                      (AR10) REW
      10262005 1516 TRSC TRANSCRIPT OF RECORD ISSUED: 10/26/2005    (AR08) REW
      10262005 1520 D001 PAYMENT DUE DATE SET TO: 11/24/2007        (FE52) REW
      10262005 1531 TEXT CLERK'S NOTICE OF APPEAL TO ALL PARTIES -NO FORMS  REW
      11182005 1203 COMM 11-16-05 APPEAL DISMISSED                  (AR10) DBH
      11182005 1204 DISP BY: D - DISMISSED ON: 11/16/2005           (AR11) DBH
      11212005 1619 TEXT MO FOR JUDGMENT OF ACQUITTAL                      REG
------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF      24=HLP
```

6 of 9

48

```
OC01       ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1    OCSOC01

CASE NUMBER: CC 2004 001694 00    TRANS DATE/TIME: 00000000 0000    JID: TMH
 STYLE/NAME: STATE OF ALABAMA  VS  STINSON RENA DORSEY           PC PRNTR: N
-----------------------------------------------------------------------------
ACT   DATE   TIME CODE |------------------- COMMENTS ------------------| OPE
-----------------------------------------------------------------------------
      12082005 1529 TEXT NOTICE OF APPEARANCE                              TOR
      12082005 1529 ATY1 ATTORNEY FOR DEFENDANT: KEITH RICHARD K    (AR10) TOR
      01092006 1025 PRTY PARTY ADDED   R001  CAROL RAY              (AW21) TOR
      01092006 1025 PRTY PARTY ADDED   R002  EMMA JEAN ANDERSON     (AW21) TOR
      01092006 1025 PRTY PARTY ADDED   R003  EVACEAL WILLIAMS       (AW21) TOR
      01242006 1533 TEXT MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL     TOR
      02062006 0925 ATY1 ATTY 1 CHANGED FROM: MAY039               (AR11) DBH
      02062006 0925 ATY1 ATTY 1 TYPE CHANGED FROM: R               (AR11) DBH
      02072006 1423 ATTH CAS ATTACHMENT PRINTED                    (AR08) DBH
      02092006 1038 MOT1 MOTION CODE 1 CHANGED FROM:                (AR11) DBH
      02092006 1038 MOT1 MOTION ACTION DATE 1 CHANGED FROM: 00/00/0000     DBH
      02092006 1038 MOT1 MOTION FILE DATE 1 CHANGED FROM: 00/00/0000 (AR11) DBH
      02092006 1038 MOT1 MOTION ACTION 1 CHANGED FROM:              (AR11) DBH
-----------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

7 OF 9

79

```
OC01        ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1    OCSOC01

CASE NUMBER: CC 2004 001694 00   TRANS DATE/TIME: 00000000 0000    JID: TMH
   STYLE/NAME: STATE OF ALABAMA  VS  STINSON RENA DORSEY          PC PRNTR: N
---------------------------------------------------------------------------
ACT   DATE   TIME CODE |------------------ COMMENTS ------------------| OPE
---------------------------------------------------------------------------
      11272006 1305 DISP BY: U - UPHELD ON: 11/21/2006            (AR11) DBH
      12052006 1311 TEXT 11292006 MO TO SHOW DENIED                      REG
      12222006 1217 TEXT MOTION TO RECEIVE TRANSCRIPT                    TOR
      02272007 1605 TEXT PETITION FOR WRIT OF HABEAS CORPUS              REG
      03082007 0808 TEXT ORDER DATED 3/07/07 GRANTING IN FORMA PAUPERIS, TOR
      03082007 0808 TEXT  PETITIONER GIVEN 30 DAYS TO FILE A PETITION THAT TOR
      03082007 0808 TEXT  COMPLIES WITH RULE 32                          TOR
      05012007 1017 TEXT 04252007 ORDER - FAILED TO FILE PETITITON - DISMIS REG



---------------------------------------------------------------------------
*** THERE ARE NO MORE RECORDS ON-FILE FOR THE CASE ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

8 of 9

```
OC01        ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1     OCSOC01

CASE NUMBER: CC 2004 001694 00    TRANS DATE/TIME: 00000000 0000    JID: TMH
  STYLE/NAME: STATE OF ALABAMA   VS  STINSON RENA DORSEY          PC PRNTR: N
-----------------------------------------------------------------------------
ACT   DATE   TIME CODE |------------------ COMMENTS ------------------| OPE
-----------------------------------------------------------------------------
      02152006 1653 TEXT MO TO INFORM                                      REG
      05092006 1308 D001 PAYMENT DUE DATE SET TO 11/19/2019         (EC01) TAB
      05252006 1047 CH01 CONCURRENT SENTENCE ORDERED BY THE COURT   (AR05) REG
      05252006 1048 TRSC TRANSCRIPT OF RECORD ISSUED: 05/25/2006    (AR08) REG
      06262006 1539 TEXT INMATE LETTER TO THE CLERK RE: COMPLAINT ON       DBH
      06262006 1539 TEXT ..APPELLATE ATTY                                  DBH
      10042006 1317 TEXT MOTION TO RECEIVE DISCOVERY                       TOR
      10042006 1318 TEXT NOTICE OF APPEARANCE BY DEF (PRO SE)              TOR
      10272006 1319 TEXT MO FOR DISCOVERY                                  TOR
      11022006 1503 TEXT MO FOR INFORMATION                                REG
      11152006 1642 TEXT 11092006 MO FOR INFORMATION DENIED                REG
      11202006 1555 TEXT MO TO SHOW                                        REG
      11272006 1304 COMM 11-21-06 APPEAL AFFIRMED                   (AR10) DBH
-----------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

9 of 9

```
ACRO372          ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2004 001694.00
OPER: REG                 CASE ACTION SUMMARY
PAGE:   1                 CIRCUIT   CRIMINAL              RUN DATE: 12/14/2004
IN THE CIRCUIT COURT OF MONTGOMERY                               JUDGE: TMH

STATE OF ALABAMA              VS     STINSON RENA
                                     2265 EAST ABERDEEN DRIVE
CASE: CC 2004 001694.00              MONTGOMERY, AL   36116 0000

DOB: 10/15/1953       SEX: F  RACE: B  HT: 5 05  WT: 165   HR: BLK EYES: BRO
SSN: 424782955  ALIAS NAMES: RENA DORSEY
CHARGE01: THEFT OF PROP 1ST      CODE01: TOP1  LIT: THEFT OF PROP   TYP: F #: 001
CHARGE02: THEFT OF PROP 1ST      CODE02: TOP1                      TYP: F #: 001
CHARGE03: THEFT OF PROP 1ST      CODE03: TOP1                      TYP: F #: 001
CHARGE04: THEFT OF PROP 2ND      CODE04: TOP2                      TYP: F #: 001
OFFENSE DATE:                            AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                        DATE ARRESTED:
DATE    INDICTED: 07/09/2004             DATE   FILED: 12/14/2004
DATE    RELEASED:                        DATE HEARING:
BOND    AMOUNT:      $80,000.00          SURETIES:

DATE 1:             DESC:                TIME: 0000
DATE 2: 12/20/2004  DESC: ARRG           TIME: 0830 A

TRACKING NOS: GJ 2004 070062 00
```

DEF/ATY: ~~Winston Durant~~     TYPE: A          AIS 234171
          C May            00000 Gaggans                              TYPE:

PROSECUTOR: B. Hughes                                        Aug 15
                                                             May 2

```
OTH CSE: GJ200407006200 CHK/TICKET NO: S        GRAND JURY: 62
COURT REPORTER:              SID NO:    001361646
DEF STATUS: JAIL             DEMAND:                         OPER: REG
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 12-20-04 | W. Durant appointed; Δ's presence waived       TMH |
| 4-26-05 | Still at DOC due to illness       TMH |
| 5-2-05 | Cynthia ather May, notice of appearance, counsel of record |

JUDGEMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE VERDICT OF THE JURY. Guilty of TOP¹ x3, TOP² s

_____
Circuit Judge

Sentencing set 9-19-05 @ 8:30

10



JEROME C. CARTER, ESQ.
CYNTHIANTHER L. MAY, ESQ
ASSOCIATE

May 23, 2005

Rena Stinson 234171
Tutweiler Correctional Facility
8966 US Hwy 231 N
Wetumpka, AL 36092

**RE:   STATE OF ALABAMA v. RENA STINSON**

Dear Mrs. Stinson:

In accord with our conversation of May 12, 2005, you have chosen not to accept the District Attorney's plea offer of a 20 split 5. I am in the process of reviewing all information received from Attorney Winston Durant. I will notify you of my findings once I have completed my review.

If you any questions please contact me at the telephone number and/or address above.

I am, with warm

Regards,

CYNTHIANTHER L MAY
For the Firm

CLM/mmh
cc:  Louis Stinson

207 MONTGOMERY STREET, SUITE 609, MONTGOMERY, ALABAMA 36104
PHONE (334) 262-8051•FAX (334) 262-8053•www.carterlawfirms.com

//



JEROME C. CARTER, ESQ.
CYNTHIANTHER L. MAY, ESQ
ASSOCIATE

June 15, 2005


Rena Stinson 23417
Tutweiler Correctional Facility
8966 US Highway 231 North
Wetumpka, Alabama 36092


Dear Mrs. Stinson:

    I write in response to your letter dated June 7, 2005. I empathize with your current situation. Please know that we are hard at work on your behalf. Upon my completed review of your file from Attorney Durant's office, I will contact you.

    If you have any questions or concerns, please contact me or my legal assistant, Lisa, at the telephone number and / or the address above.


            With warmest regards,


            Cynthianther L. May
            For the Firm


cc: Louis Stinson

207 MONTGOMERY STREET, SUITE 609, MONTGOMERY, ALABAMA 36104

PHONE (334) 262-8051•FAX (334) 262-8053•www.carterlawfirmpc.com

/2

# THE COCHRAN FIRM
## M O B I L E
### COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P.C.

401 CHURCH STREET • MOBILE, ALABAMA 36602
TELEPHONE: (251) 434-9992 • FAX: (251) 434-9995
WWW.COCHRANFIRM.COM

JOHNNIE L. COCHRAN, JR.
*CHAIRMAN*

SAMUEL A. CHERRY, JR.
J. KEITH GIVENS
JOCK A. SMITH
JOSEPH D. LANE
J. FARREST TAYLOR

*ALABAMA LICENSED ATTORNEYS*
LAWRENCE FICKETT
LARRY GIVENS
CHRISTY L. HAYES
TERRY KEY
ANGELA MASON
B. SHANNON SAUNDERS
LANCE SWANNER
CARL E. UNDERWOOD, III

ALABAMA 1
CALIFORNIA 2
FLORIDA 3
GEORGIA 4
MISSISSIPPI 5
NEW YORK 6
OHIO 7
TENNESSEE 8
VIRGINIA 9
WASHINGTON, D.C. 10

July 13, 2005

Mrs. Rena Stinson
6624 Stable Gate Court
Montgomery, Al 36116

RE:  CASE STATUS

Dear Mrs. Stinson:

This letter is to inform you of the status of your case to this date.  The District Attorney, handling your case informed Ms. May, that he has the surveillance tape from the ~~store~~.  I am in the process of scheduling an appointment for Ms. May to view said tape. After she have viewed the tape she will contact you to let you know what actions she will take next.

Should you have any questions, please contact me at the above-referenced number.

I am, with warmest

Regards,

Marsha Campbell
Legal Assistant to Cynthianther L. May

*13*

ATLANTA • BIRMINGHAM • CHICAGO • DOTHAN • LAS VEGAS • LOS ANGELES • MEMPHIS • NEW ORLEANS • NEW YORK • ST. LOUIS • TUSKEGEE • WASHINGTON D.C.

# THE COCHRAN FIRM

M O B I L E

401 CHURCH STREET • MOBILE, ALABAMA 36602
TELEPHONE: (251) 434-9993 • FAX: (251) 434-9995
WWW.COCHRANFIRM.COM

August 5, 2005

Mr. Louise Stinson
6624 Stable Gate Court
Montgomery, Alabama 36116

## RE: ATTORNEY FEE

Dear Mr. Stinson:

Enclosed please find a receipt for the payment you made in the amount of $350.00, this leaves you with a zero balance. Per our conversation on Friday, August 5, 2005, as soon as Attorney May receives an appointment to view the surveillance tapes, I will notify you to let you know if it is possible for your to sit in for the viewing.

If you have any questions you may contact me at the telephone number/address listed above.

I am with warmest,

Regards,

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

Marsha Campbell
Legal Assistant to Cynthianther L. May

Enclosure

/4

ATLANTA • BIRMINGHAM • CHICAGO • DALLAS • DOTHAN • HUNTSVILLE • JACKSON • LAS VEGAS • LOS ANGELES
MEMPHIS • MIAMI • NEW ORLEANS • NEW YORK • ST. LOUIS • TUSKEGEE • WASHINGTON D.C.

Rena D. Johnson
v
State of Alabama

8-3-2006

# MOTION FOR HELP! MERCY!

## Please Someone Listen!

I come before this court for mercy! help! Please do not _blame me_ for the Action of my Attorney. For not submitting the right grounds he should have in my Appeal.

Sir/Madam my husband has paid Three Attorneys to represent me in these cases. It seems Sir/Madam All three has been more money oriented then defending me as A client.

Sir/Madam Please continue to read this motion or letter as the following were valid grounds I have read in the Alabama Rule of courts, Constitution, laws, etc.

My trail Attorney was ineffective in so many areas but My Appeal Attorney did not include Any of them which I do not understand as he is Aware of them

<u>Exhibit D Page 15-20</u>

15

Attorney May was more live as follows

A. She had no discovery or evidence hearing
b. She did not file not one motion on my behalf
C. She refused to let me testify
D. She did not Allow me to have witness
E. She notified me less then 16 hours the trail the next morning
F. She never got back with me about the charges, etc
g. She did not discuss or obtained Any information from me about the case.
h. I was not Asked where I was, Never entered a plea, no arraignment, hearings, etc. <u>Now I Just Found Out Arraignment is barred as An issued on An Appeal</u>, And that is one of two issues my Appeal Attorney has raised. Should he known that.
i. On my request for speedy trail, after talking to my classification specialists in 2005, I asked the court them to send me information about the charges, And they never did. After I never got Anything back from the court. I tried to set it from her. I sit in A trail unable to say A word, not Allowed to testify, And no one Asked me a questions throughout the total process, Jury selection, the trail, etc.

d. The only chance I got An opportunity to speak was doing Sentencing And it seems it went through one ear And out the other then, I wrote the Judge in August no reply or respond.

J. I informed her about some Actual still shot phots of the Victim And the Actual person committing the crime. She never went to the DA or Police to obtain the pictures.

K. One of the ladies mention them in her questioning on the stand, neither my attorney or the DA would question her about the pictures or have them produced.

16

L. I wrote notes after notes of questions for her to ask and she would just pat my hand and say be quiet, I got this under control, etc.

M. She allowed hearsay - without objecting

N. She did not object to several leading questions by the DA.

O. No jury instructions provided to the court

Sir, Please I bes you Please! or Madam continue to read! I did not commit these crimes!

P. She allowed a photo line-up showed to the victims A year later after the crime to be allowed in the court.

Q. She allowed the DA to do an in-court identification over two years later after the crime.

R. The Jury wanted some valid information that would have been in my defense such as the Actual pictures the victim mention; The hearsay statement the police mention, An the original complaint describing the person. Sir I have very distinctive facial features. And they would have remember. There never was no clear facial expression given or remembered.

My husband went to see the appeal Attorney And mention everything I told him, The appeal Attorney refused to mention the ineffectiveness of the trial Attorney, in the appeal what else for us to do?

17

The appeal Attorney did not reply to the DA rebuttal I had very good sound facts to rebuttal the DA/Attorney General reply brief.

Sir/Madam he refused to respond. What could we do?

I requested Oral Arguments before the court it was not done in the brief.

He has now told my husband I have grounds for a Rule 32 which will cost more money as we have paid $4,500 for the Appeal that was submitted.

The second Attorney was hired after sentencing. Attorney Gossals he failed to follow through with the appeal And preparing the necessary paper work for me to set An Appeal bond in trail court or to the court of criminal Appeals As I was elisible with my sentence of 20 split five. After I was sentenced he never returned phone calls, visits to his office by my family, He Never Filed the paperwork For the Appeal And paid the fees. He was told everything I told my trail Attorney. He did not File the motion he should have

18

File to the court. My sentencing transcript reflects those motions he was to file but never did

After weeks of not hearing from him about the status of the appeal, bond we obtained Another Attorney on November 21, 2005 And paid him his fee of $4,500.00 to do the appeal that is before your court. He had Agreed to take the case the week of Nov 14. 2005.

Attorney Dossans was notified And he then submitted by Him. A motion of Acquital was finally submitted to the court by Attorney Dossans to keep our money. He did not petition the court from August when he was in 2005. I was Sentenced Oct 24, 2005, no motions filed. No retrail on the constitution issues, ineffective trail counsel, the photos at the police Department, etc. He was not my Attorney No longer After November 14, 2005, But to cover himself he finally submitted A letter to your court to reinstate An Appeal that he did not believe in (As stated in his reply to the State Bar)

Sir/madam- I did everything I know how. I have relied on Three Attorneys. I do not know what else to do. I will continue to Pray And believe God will vindicate me as I did not commit these crimes. I had A past gambling problems I wrote checks on my own Accounts.

(5)

19

I Appreciate Any help you can provide in this matter.

What can be done to ensure this do not Continue. I wrote the Bar About this Situation And they will not take Any Action.

Sir, Please do not notiFy my Present Attorney About this letter if you can not help me. My husband cannot AFFord the Service oF Another Attorney At the Present time. IF he get Mad about this letter And quit I do not know What to do, I have so much At state And I Need help! Please! Please! help!


Rena D Stinson
APN CC-04-164 H
CR-05-0182

20

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

|                        |   |                  |
|------------------------|---|------------------|
| **Rena D. Stinson,**   | ) |                  |
|                        | ) |                  |
| **Petitioner,**        | ) |                  |
|                        | ) |                  |
| **v.**                 | ) | **CC-2004-1694** |
|                        | ) |                  |
| **State of Alabama,**  | ) |                  |
|                        | ) |                  |
| **Respondent.**        | ) |                  |

## <u>ORDER</u>

On March 8, 2007, this Court issued an order instructing the Petitioner to file a petition that complies with Rule 32 within thirty(30) days.  Since the Petitioner failed to file a petition, this case is hereby dismissed without prejudice.

Done this <u>24</u> day of April 2007.

<u>/s/ Truman M. Hobbs, Jr.</u>
TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

cc:    Rena D. Stinson
       Ellen Brooks

*Exhibit E pages 20-22*

*81*

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

Rena D. Stinson,                          )
                                          )
    Petitioner,                      )
                                          )
v.                                        )           CC-2004-1694
                                          )
State of Alabama,                         )
                                          )
    Respondent.                      )

## ORDER

    The request to proceed In Forma Pauperis is granted.  Petitioner seeks to attack her conviction and, therefore, she must file a Rule 32 petition.  Petitioner is hereby given thirty(30) days to file a petition that complies with Rule 32.

    Done this __7__ day of March 2007.

                                                        TRUMAN M. HOBBS, JR.
                                                        CIRCUIT JUDGE

cc:    Rena D. Stinson

Exhibit F

22

29

1    question her.  You're going to hear the

2    defendant admit, hey, I have got a gambling

3    addiction.  I have got a gambling problem.

4    Okay.  She admitted she had a gambling

5    problem.

6         Again, ladies and gentlemen, that's the

7    case.  I submit that's the evidence you're

8    going to hear today.  At the end of the case

9    after hearing all the witnesses and seeing all

10    the evidence, I'm going to ask that you find

11    Ms. Rena Stinson guilty of theft of property

12    in the first degree for taking thirty-five

13    hundred dollars from Ms. Anderson, theft of

14    property in the first degree for taking nine

15    thousand five hundred dollars from Ms. Carol

16    Ray and theft of property in the second degree

17    for taking fifteen hundred dollars from Ms.

18    Eva Williams.  Thank you very much.

19         MS. MAY:  May it please the Court.

20    Ladies and gentlemen of the jury, my job at

21    this particular juncture of this trial is to

22    give you a glimpse into what you will see and

23    what you will hear today.  One thing that you

24    will hear is testimony.  But the people giving

25    the testimony, they are elderly people.

Exhibit A    23

STATE OF ALABAMA

VS

*Rema D. Stinson*

IN THE CIRCUIT COURT OF

*Montgomery*
County, Alabama

95-1125
00-557
03-1574
03-502
04-1694

## MOTION FOR A SPEEDY TRIAL

Comes now, *Rema D. Stinson*, defendant in the above styled case and would move this Honorable Court for a trial at the earliest date possible date.

I have been notified by the Alabama Department of Corrections that a detainer has been placed in my institutional file and I make this motion in order to expeditiously dissolve said detainer.

Respectfully submitted this *19* day of *January* , 2005.

*Rena Dorsey Stinson*
Defendant signature

AIS # *234171*    Dorm # *9*
Julia Tutwiler Prison for Women
8966 U.S. Highway 231 North
Wetumpka, Alabama 36092-5343

*Also, Please let me know what charges are pending against me. The victims and amounts and any other information you can send me.*

*Thanks*

*cc - 2004-1694 - Arraignment Date was 12/20/04*
*Case Action Summary enclosed*

*Exhibit # 24*

111

1    theft of property second degree.  That Rena

2    Stinson knowingly obtained by deception the

3    control over the property of Ms. Williams,

4    more specifically her money, that such

5    property exceeded two hundred fifty dollars in

6    value but did not exceed a thousand dollars in

7    value and that Ms. Stinson acted with the

8    intent to deprive the owner of her property.

9        If you find from the evidence that the

10   State has proved beyond a reasonable doubt

11   each of the above elements of the offense of

12   theft property second degree as charged, then

13   you shall find the defendant guilty of theft

14   of property second degree.

15       On the other hand if you find that the

16   State has failed to prove beyond a reasonable

17   doubt either one or more of the elements of

18   the offense of theft of property second

19   degree, then you cannot find the defendant

20   guilty of theft of property in the second

21   degree.

22       In a moment we are going to let you go

23   back into the jury deliberation room back

24   here.  When you do so, I want you to use your

25   knowledge of people and their affairs.  That's

Exhibit J

26

112

1   what we call common sense.  That's why we have
2   got y'all in here today is to bring your
3   common sense to bear in this case.  In
4   arriving at your verdict, do not allow
5   sympathy, prejudice or emotions to influence
6   you.
7         Furthermore, don't base your verdict on
8   any preconceived, popular or unpopular
9   verdict.  As you know, your verdict is
10  strictly based on the evidence presented and
11  the law that applies to the case.
12        I will explain to you before you could
13  reach a verdict all twelve of you must agree
14  on the verdict.  It cannot be a split
15  verdict.  It must be a unanimous decision.
16        The first thing you need to do is select
17  someone to act as your foreperson.  A
18  foreperson's opinion is not entitled to any
19  more weight than anybody else's opinion  but
20  simply to act as spokesperson.  Discuss the
21  case.  If you have a question, write the
22  question down on a piece of paper, knock on
23  the door at the other end of the room and we
24  will come get the question.  That's about the
25  last thing I can promise you is that we will

*Exhibit J continue*

*27*

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA
    Plaintiff,

v.                 CASE NO. CC 2004-1694

RENA STINSON
    Defendant.

## MOTION TO CONTINUE

COMES NOW, the Plaintiff, **RENA STINSON**, by and through her attorney of record, CYNTHIANTHER L. MAY and files this *Motion to Continue* in the above-referenced matter and will show unto the Court the following:

1.    This matter is set for trial on August 15, 2005.

2.    Counsel has relocated to Mobile County, Alabama ; in June 2005, prior to counsel's relocation, said counsel notified the Court of her relocation via U. S. mail.

3.    On July 7, 2005 or thereabout, counsel contacted the Court via telephone and received verification of the Court's receipt of counsel's relocation letter.

4.    Counsel was not notified by the Court, of Mrs. Stinson's status or trial date.

5.    Counsel became aware of Mrs. Stinson's court dates after receiving a return phone call from Brandon Hughes, the prosecutor.

WHEREFORE, the premises considered, the Defendant prays that this Honorable Court will set this matter to a later date, which will allow time for defendants transport and counsel preparation for trial.

Respectfully submitted this the 10th day of August, 2005.

CYNTHIANTHER L. MAY (MAY039)
Attorney for Defendant

OF COUNSEL:
**COCHRAN LAW FIRM P.C.**
401 Church Street
Mobile, Alabama 36602
Telephone: (251) 433-6500
Facsimile: (251) 434-9995

*Exhibit I*

*Q5*

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA
VS
RENA D. STINSON
DEFENDANT

Denied

DATE / CASE NUMBER NO4001694

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

## MOTION FOR NEW TRIAL

I Rena D. Stinson come before the circuit court of Montgomery county. I am asking for a retrial, I can prove beyond a reasonable doubt I am innocent of my charges. I am charged with

Judge Hobbs I am asking for the mercy of the court for not only my life but for the victims also. Judge the real offenders are still out there. I know you heard these arguments before, but I'm sure if I am granted a new trial I will prove my innocence.

Judge Hobbs when I was first questioned about these incidents in April 2004. The detectives informed me the crimes involved two ladies and a man. The detectives stated they had photos from the bank. And maybe video from Walmart. When I was put on trial none of this came out. It was all put on Rena Stinson. The jury was never informed that there were 3 offenders. The victims never mentioned there were 3 offenders. Judge Hobbs I was never picked out of a line up. Detective Roberts took a 2000 drivers liscense of me blew up my lips, eyes, and nose to fit the description of the offenders they were looking for. They put my name Rena D. Stinson and put it by the blown up photo. The elderly victims signed a statement a year later after being fooled by the detectives. Judge Hobbs I have distintive moles all in my face and light brown eyes. This would have been clearly noticable to anyone. I have my original 2000 drivers license photo for you to compare. Judge you, the victims and jury will clearly see the difference.

Judge this is a case where no hard work was put into this investigation. No hard work by the detective or my attorney. I had a past gambling problems, I wrote checks only on my own, personal and buisness account. I owned up to my problems and charges and served time for them. Judge Hobbs I owned a home health agency for four years. I was providing services to the elderly for the STATE OF ALABAMA. My 25 staff members and I provided services such as home making, cleaning, cooking, taking to doctor appointments, taking to the bank, grocery store, bathing, and other services as needed. I've never had one complaint against my staff or I in the four years

Judge Hobbs. I am asking for you to Review my past and see everything I'm telling you is true I've never took advantage of anyone ever.

Judge Hobbs, when these crimes were committed I was again working providing services to the Department of Human Resources family and children services throughout several counties in Alabama in 2003. A staff of 30 members including myself providing counseling, behavior aids, tutoring, parenting to teen mothers, talking to banks, grocery store, schools and all other needs. I've worked with over 200 familes, I didn't have one single complaint against I or my staff.

Judge I'm asking for a New TRIAL on the grounds of:

1. Ineffective counselor.
   a. My lawyer wasn't prepared for trial she only gave me a 16 hour notice of taking this trial
   b. My lawyer never ask if the junior knew any of the victims or were related to any of them.
   c. My lawyer never ask did any junior members here any thing about this case on TV, Radio, and newspaper.
   d. My lawyer didn't ask for the discovery to be presented which would have cleared me. Such as videos or photos or DNA they claim to have.
   e. My lawyer refused to allow me to testify even after I asked several time to be able to hit the stand.
   f. My lawyer allowed heresay to be allowed in court with no objections
   g. My lawyer never presented me with an indictment
   h. I was never givin a preliminary hearing or arraignment
   i. My sixth Amendment rights were totaly violated
   j. My lawyer never objected to the leading of witnesses.
   k. My lawyer never allowed me to review the jury list to see if I knew any of the juriors.

2. Not prepared for trial.
   a. Judge I wasn't able to get witnesses on my behalf. Witness that could testify to my whereabouts, my character.
   b. I wasn't allowed to get witnesses from employers, church, or husband of 31 years, or former employees.

Judge Hobbs: I close my motion with if I were granted a New TRIAL I can prove I didn't commit these crimes. I don't have it in my heart to hurt anyone. I want to clear my name as well as get the real offender caught. This has not only effected me but my husband, children, siblings and church members. I ask you to find it in your heart to give me a chance to prove my innocence. I care about people inspite of my past. I have work with elderly people my whole life and love doing so. I'm asking for the mercy of the court for only the truth to come out. I'm not quilty of these crimes. Judge Hobbs I pray that these motions touches you. I only want justice. Judge Hobbs if I'm granted a fare trial I can prove this was not me. I know you are very busy but ask for you to review the facts and grant me a New Trial.

Subscribed and sworn to before
me this 4 day of February 2006
My commission expires 06/21/09

Rena D. Stone

8

1    the person who they was looking for.

2                    God knows I did not do this,

3    sir.  I am sorry I favor the person who

4    did it but I have never met any of those

5    ladies.  During 12/3 when this was going

6    on, sir, I was working on a job.  I had a

7    contract with the state.  I had never had

8    a chance to even get on the stand to

9    testify.  My sympathy and heart goes out

10   to these ladies.  My attorney told me --

11                   THE COURT:  Ms. Stinson, I'm

12   not going to retry the case.

13                   THE DEFENDANT:  Okay.  I am not

14   asking you to retry the case.  What I am

15   trying to add, I never knew all of this

16   until I sit in your courtroom and heard

17   no one -- I never came before you to

18   plead guilty or not guilty.

19                   MR. GOGGANS:  Ms. Stinson, that

20   is something we will take up at another

21   motion another day.

22                   THE COURT:  Brandon, did we

23   ever arraign her?

24                   MR. HUGHES:  I have it down

25   that she was arraigned on December 20th,

*Exhibit K*        28

IN THE SUPREME COURT OF ALABAMA

RENA D. STINSON

V.

STATE OF ALABAMA

Supreme Court No; 1060338

## MOTION TO REINSTATE PETITION FOR WRIT OF CERTIORARI

I, Rena D. Stinson comes before this court asking this court to reinstate Petition for Writ of Certiorari, and states the following:

1. The Court of Criminal Appeal deceision on Petitioner Application for Rehearing was received by Petitioner on November 9, 2006. It was typed on November 3, 2006. It was filed on November 6, 2006.

2. It was due within 14 days of November 9, 2006, if I am correct from the information I received, Thursday the due date of November 23, 2006, was Thanksgiving. The state was closed on Thursday and that Firday. Which the new due date was Monday 27, 2006, from the informaiton I received.

3. Enclosed is copies of the leter from the Court of Criminal Appeal dated November 3, 2006, filed November 6, 2006.

4. Enclosed also is a copy of your letter that was received here at the Birmingham Center on today, December 5, 2006. It is typed December 1, 2006, and mailed December 1, 2006.

5. I come before this court asking this court to reinstate the Petition for Writ of Certiorari due to no fault of of Petitioner as enclosed letters and envelopes will confirmed.

6. I pray this court will have mercy and reinstate this Petition as Petitioner has obtained the service of three attorneys and they have not fulfilled their obligations as required. Petitioner asked for the court to appoint an attorney to assist me in this complex case that I can

Exhibit L

29

trust to ensure my Constitutional Rights are protected.

7.  If I have filed this Petition untimely it was not due
to any fault of the Petitioner that I am aware of.

Done this 5th Day of December 2006.

*Rena D. Stinson*

Rena D. Stinson

*Exhibit λ*

*30*

COMPLAINT

Name:  Corporal W. J. Roberts
Agency:  Montgomery Police Department
Copies to:  Mayor B. Bright, FBI, 60 minutes, Dateline, etc.


I, Rena D. Stinson bring this complaint against Detective
W.J. Roberts of the Montgomery Police Department who because
he intentionally withheld favorable evidence against
complainter, Rena D. Stinson that would have proved her
innocent of the crimes she was charged with regarding
film flaming.


Detective Roberts brought with him during his interrogation
two sets of pictures that was showned to Rena Stinson and
in-turn upon Ms. Stinson seeing the picture stated to
Detective Roberts and the white female detective that was
present during the interrogation, that now that you have
met me, (Ms. Stinson) personally, can't you see that the
person you are pointed to in that still shot is not me.
Detective Roberts looked and continue to cuse and threaten
me to give him the names of people whom I did not know.


**THE STILL SHOT PHOTO WAS A PICTURE OF TWO BLACK FEMALES
AND A WHITE LADY.  ACCORDING TO DETECTIVE ROBERTS DURING
THE INTERROGATION THIS WAS SERIES OF CRIMES OF TWO
BLACK FEMALES AND A MALE FILM FLAMING ELDERLY LADIES.**


**HE ALSO BROUGHT WITH HIM A BLOWN UP PICTURE OF MY 2000
DRIVER LISCENSE WITH CHANGES MADE TO IT.  THIS WAS ADDED TO
THE PHOTO LINE UP.**


**THE STILL SHOT PHOTO NEVER MADE IT TO COURT! IT WAS A CLEAR
PICTURE OF THE OFFENDERS AND ONE OF THE VICTIMS!**

**ONLY MS. STINSON WAS CHARGED WITH THESE CRIMES AND  DETECTIVE
ROBERTS HAVE ALLOWED THE THREE PEOPLE WHO COMMITED THESE
CRIMES TO BE FREE.**


**I WROTE CHECKS ON MY OWN PERSONAL AND BUSINESS ACCOUNTS
BECAUSE OF A PAST GAMBLING ADDICTION.  I SERVE TIME FOR THIS
AND HAVE LEARNED A VALUABLE LESSON.**

**I HAVE WRITTEN A TOTAL OF FOUR LETTERS TO THIS DEPARTMENT
TRYING TO RESOLVE THIS IN A PEACEFUL MANNER. I HAVE PAID THREE
ATTORNEY WHOM ALL DID NOT OBTAINED THIS VALUABLE EVIDENCE.**


**THE DISTRCIT ATTORNEY I JUST RECENT FOUND OUT HAS THE ACTUAL
VIDEO TAPES AND DID NOT ALLOW ONE OF THE ATTORNEYS TO REVIEW
THEM AFTER SHE HAD REQUESTED IT.**

**WHERE ARE THE STILL SHOT PHOTO AND VIDEO TAPES FROM THE CRIMES
THAT WILL PROVE MY INNOCENT!!** *Exhibit M    30*

I HAVE BEEN DENIED MY RIGHT TO LIFE AND LIBERTY BECAUSE OF
BECAUSE OF DETECTIVE ROBERTS ACTION.

ALL OF THIS COULD HAVE BEEN AVOIDED IF HE HAD DONE THE
RIGHT THING AND NOT WITHHELD THOSE STILL SHOT PHOTO THAT HE
BROUGHT WITH HIM DURING HIS INTERROGATION.  HE KNEW IT WAS
NOT ME OR HE WOULD NOT HAVE WITHHELD THEM. IT WAS EVIDENCE
THAT WOULD HAVE PROVE ME NOT GUILTY.

THIS CRIME WAS IN THE NEWSPAPER, RADIO , TV ACCUSING ME OF
THESE CHARGES.

THE DISTRICT ATTORNEY PLAYED A ROLE ALSO AS ONE OF THE
PROSECUTOR POINTED MS. STINSON OUT BEFORE THE TRIAL TO ONE
OF THE VICTIM, AND THEN PUT THE VICTIM ON THE STAND HOURS
LATER AND ASKED HER DO SHE SEE MS. STINSON IN COURT AND WHAT
IS SHE WEARING.

MY HUSBAND, AND SIBLINGS CAME TO YOUR DEPARTMENT WHEN THIS
HAPPEN AND  YOUR DEPARTMENT REFUSED TO ALLOW THEM TO SEE THE
STILL SHOT PHOTO AND THE VIDEOS ALSO.

I HAVE BEEN SERVING TIME OVER A YEAR FOR CRIMES I DID NOT
DO!

I WILL CONTINUE TO PURSUE THIS AND WHATEVER IT TAKES I WILL
CONTINUE TO FIGHT FOR MY FREEDOM.

I WILL BE VINDICATED FOR THESE CRIMES.  I DO NOT KNOW WHEN
ONLY GOD KNOWS!  I AM TRUSTING IN HIM AS I DO ALL I CAN DO!

Major McQueen in response to your letter, was a still shot
phto in the file that you reviewed.  IT WAS BROUGHT TO ME
AND IT IS NOT ME!!

YOUR DEPARTMENT WENT ON TV SOLICITING THE PUBLIC HELP WEEKS
LATER AND SHOWED ONE OF THE LADIES THAT WAS ON THE PICTURE
THAT WAS PRESENTED TO ME. LOOKING FOR HER IN CONNECTION TO
THE CRIMES.

I MET A LADY IN PRISON LOLITA VEREEN WHO LOOKS LIKE ONE OF THE
LADY IN THE PICTURE.  I AM NOT SURE OF THE SPELLING OF HER NAME
SHE WAS SENTENCED IN MONTGOMERY AND WAS AT LIFE TECH THE LAST
TIME I TALKED TO SOMEONE AT JULIA T. PRISON.

*Rena D. Stinson*

RENA D. STINSON

*Exhibit M 31*