IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RENA D. STINSON, #234171, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-225-WHA |
| | )                      [WO] |
| | ) |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on March 13, 2007, by Rena D. Stinson ["Stinson"], a state inmate. In this petition, Stinson challenges convictions for theft of property entered against her by the Circuit Court of Montgomery County, Alabama. The respondents filed an answer in which they assert that the instant habeas petition should be dismissed because Stinson has failed to exhaust state remedies with respect to each of the claims now pending before this court. *Respondents' Answer* at 7-8. Specifically, the respondents maintain that Stinson may present all of her claims, with the exception of her challenge to the adequacy of arraignment, to the state courts in a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. *Id*. at 8.

Upon review of the respondents' answer, the court entered an order affording Stinson an opportunity to demonstrate why her petition should not be dismissed for failure

to exhaust state remedies. *Order of May 4, 2007 - Court Doc. No. 11*. In response to this order, Stinson concedes her failure to exhaust an available state court remedy. *Petitioner's Response - Court Doc. No. 14* at 1 ("Petitioner has numerous constitutional claim[] that, through no fault of petitioner, is as yet unexhausted in the state courts."). Despite this concession, Stinson requests that this court "maintain jurisdiction over the cause and free Petitioner from her unconstitutional confinement as" she is entitled to relief on the claims pending before this court. *Id*. Stinson further argues that if this court determines that her federal habeas action should be dismissed on exhaustion grounds "that the court allow [the] petition be stayed and held in abeyance until the state court dispose of the numerous claims of ineffective assistance of" all attorneys who represented her during the state court proceedings. *Id*.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Stinson has not yet exhausted her available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first

requiring that the petitioner exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Stinson may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust [her] claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Stinson can pursue those state court remedies available to her.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all state court remedies available to her. It is further

ORDERED that on or before June 11, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

     Done this 30th day of May, 2007.


        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE