IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RENA D. STINSON, 234171,

    Petitioner,

v.                                    CIVIL ACTION NO.2:07-CV-225-WHA

STATE OF ALABAMA, ET AL.,

    Respondents.

MOTION TO OBJECT TO RECOMMENDATION

    Comes Rena D. Stinson, before this Honorable Court objecting to the recommendation to dismiss subject petition for habeas corpus and provide the following in support of objection:

    a. As cited in Supreme Court of The United States ruling in Cheryl K. Pliler, Warden Petitioner v. Richard Herman Ford to allow Petitioner's petition to be stayed and held in Abeyance for good cause due to the numerous meritorious claims in Petitioner's petition.

    b. In Pliler v. Ford , Justice Ginsburg, states, "There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings the complete exhaustion of state remedies" (noting "Justice Stevens sound suggestions that district courts hold mixed petition in abeyance"). Moreover, a habeas court may fashion a stay to prevent to prevent abusive delays; for example by providing a time limit within which a prisoner must exhaust state-court remedies. (see, e.g., Zarvela, supra, at

381} ...Given the importance of maintaining a prisoner's access to a federal habeas court and the comparatively minor interference that the Ninth Circuit's procedure creates with comity or other AEDPA concerns, I would find use of the stay-and-abeyance procedure legally permissible.   .... Congress could not have intended to cause prisoners to lose their habeas rights under these circumstances. .......That procedure recognizes the comity interests that Rose identified, and it reconciles those interests with the longstanding constitutional interest in making habeas corpus available to state prisoners.   ......It is usually within a district court's discretion to determine whether to stay or dismiss a mixed petition ,.. staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack.  Nowaczyk v. Warden, 299 F. 3d 69, 79 (CAI 2002); Palmer v. Carlton, 276 F. 3d 777, 781 (CA6 2002); Zarvela v. Artuz, 254 F. 3d 374, 381 (CA2 2001); Freeman v. Page, 208 F. 3d 572, 577 (CA7 200) There is no reason why a district court should not retain jurisdiction over a meritorious Claim and stay further proceedings pending the complete exhaustion of state remedies as stated by JUSTICE BREYER.   Justice Stevens' sound suggestions that district courts hold mixed petition in abeyance

Moreover, a habeas court may fashion a stay to prevent abusive delays; for Example, by providing a time limit within which a prisoner must exhaust state court remedies. See e.g., Zarvela, supra , at 381.  ....becasue the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims. To address this, the Ninth Circuit has held that a district court may employ a stay and abeyance procedure.

A dismissal without prejudice would effectively result in a dismissal with Prejudice unless equitable tolling applied.

Petitioner has provided a preponderance of evidence in response to this court To support Petitioner concerns regarding the circuit court violations of Petitioner Constitutional rights to Due Process, hasty trial, conferences and hearing without Petitioner presence, violating Petitioner Constitutional amendments. Petitioner provided the on-line summary, Petitioner recently received, showing all the hearings that was held without Petitioner knowledge, projected trial dates, without Petitioner entering a plea, confronting witnesses, etc. The circuit court allowed someone to stand in Petitioner half without a waiver signed by Petitioner. Circuit court allowed someone to waive Petitioner presence to something that was held on December 20, 2004 without Petitioner knowledge. The circuit court has the impertative duty to protect the rights of individual brought before their court. The circuit court failed Petitioner in many ways in protecting Petitioner rights.

How can this court assure Petitioner upon returning to this court that Petitioner rights will not be violated again?

Petitioner will provided again for this court cause and prejudice

Relating to Petitioner in this cause as follows:

District Attorneys Brandon Hughes opening statements to the

Jury where he states, Ms. Stinson is going to say she had a gambling

Problem, so she has a gambling addiction.   Detective Jason Roberts

Statement during his cross examination, Ms. Stinson stated she had

a gambling problem.  Judge T. Hobbs statement to the jury before

they went to deliberate, "…when you do so, I want you to use your knowledge

of people and their affairs. That's what we call common sense. That's

why we have got y'all in here today is to bring your common sense to

bear in this case."

Honorable Judge Moore, The circuit court as caused Petitioner great harm as

well as the district attorney, appointed court attorney, police department,

and Petitioner paid attorneys. Petitioner constitutional amendments have been

violated by all parties.

It is imperative for these reasons alone to allow Petitioner petition to stay

In abeyance in your court. To prevent abusive delays and petitioner statue

of limitation expiring and Petitioner loosing her chance for federal review

in your court.

    DONE THIS 5 DAY OF JULY 2007.

                                            RENA D. STINSON
                                            Petitioner

03-9046 RHINES v. WEBER, WARDEN

Decision Below: 346 F.3d 799 (8th Cir. 2003)

Questions Presented For Review

Is the Eighth Circuit correct that dismissal of a mixed 2254 petition is mandated by Rose v. Lundy, or are the Courts of Appeals for the First, Second, Sixth, Seventh and Ninth circuits correct in following the separate concurrences of Justice Souter and Justice Stevens in Duncan v. Walker that a stay of an otherwise timely filed federal petition is permissible in light of the [sic] AEDPA?

Certiorari Granted 6/28/04

Exhibit C

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July 2007, I served a copy of the foregoing (including all exhibits) on the Attorney General Assistant, Audrey Jordan, by placing the same in the United States Mail, First Class, postage prepaid and addressed as follows:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130

Rena N. Stinson
Petitioner



BIRMINGHAM AL 352
06 JUL 2007 PM 1 L

OFFICE OF THE CLERK
United States DISTRICT Court
P.O. Box 711
Montsomery, Alabama 36101

Kena D. Stinson
1816 23th St N
Birmingham AL 35234