IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RENA D. STINSON, #234171,
Petitioner,

V

STATE OF ALABAMA, et al.,

Civil Action 2:07-CV-225

## Motion To Continue

Come, Rena D. Stinson, before this Honorable court, requesting my petition for habeas corpus be reinstated in your court.

I have received Judge T. Hobbs order on May 5, 2008, denying my Rule 32, Petition for Relief of Conviction or Sentenced.

Enclosed are the claims that were filed in the Circuit Court, for your information.

If you need Additional information in order to continue, or for me to submit A New Petition For Habeas Corpus, Please let me know.

Done this 19 Day of May 2008

Rena D. Stinson
Petitioner - 234171

## DENIAL OF EFFECTIVENESS OF APPOINTED COUNSELOR

Attorney Winston Durant was ineffective as an appointed counselor as follows:

a. Attorney Durant waived Petitioner presence at a hearing that was held on December 20, 2004, the same day that he was appointed counselor.

   > According to the manual summary on December 20, 2004, a hearing was held concerning subject case. At the time of the hearing, Attorney Durant was appointed to represent Petitioner. On that same date and time, he waived Petitioner presence without the Petitioner's knowledge of this matter.

   > The Petitioner's presence being waived resulted in a denial of Petitioner Due Process of Law as required by the Constitution.

   > Petitioner presence was continued waived until April 25, 2005. Between the dates of December 20, 2004, and April 25, 2005, there were hearings and pre-trial status. In addition, the Petitioner had never appeared in court, requested a jury trial, entered a plea, or signed any waivers requesting to be excused.

b. Attorney Durant failed to notify Petitioner of his appointment or his actions. In addition, he did not attempt to visit Petitioner to discuss the case.

   > Attorney Durant continued to represent Petitioner without Petitioner knowledge.

   > According to the on-line case summary, many hearings and conferences were held on Petitioner behalf without the Petitioner being notified during the most critical stages relating to issuing of the indictment, preliminary hearings, confronting of the witnesses, and entering a plea.

## DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSELOR

Petitioner was denied effective assistance of trial counselor, Attorney C. May, because of the following:

a. Attorney May failed to investigate.

- ➤ Attorney May failed to investigate all of the evidence at the Montgomery Police Department as she had been informed by the Petitioner, and the Prosecution had informed her of surveillance tapes in their possession.

b. Attorney May did not allow Petitioner to have witnesses to testify on Petitioner's behalf.

- ➤ Petitioner was informed of the trial with a less than 24-hour notice while in the County jail and was not given time to contact and notify potential witnesses.

c. Attorney May did not allow Petitioner to testify on own behalf.

- ➤ Petitioner adamantly asked to testify and was threatened with contempt charges by Attorney May.

d. Attorney May did not allow Petitioner to give an alibi.

- ➤ Petitioner was not allowed to give an alibi.

e. Attorney May failed to move for the suppression of evidence.

- ➤ Attorney May failed to move for suppression of the photo line-up as they indicated Petitioner had a past criminal record.

f. Attorney May failed to file appropriate motions.

- ➤ Attorney may did not file motions to obtain discovery, motions to continue in order to obtain the still-shot photo and surveillance tapes, witness statements, DNA, and motions to have Petitioner enter a plea, preliminary hearing, and evidence hearing.

g. Attorney May failed to make appropriate objections.

- ➤ Attorney May did not object to the hearsay statement made by Detective Roberts during his testimony regarding a fellow officer saw Petitioner at the county jail and called Petitioner's name to him.

    ➢ Attorney May failed to object to DA's opening statement about Petitioner's past gambling problem/addiction.

    ➢ Attorney May did not object to leading statement made by the prosecution regarding the photo line-up where he pointed his finger to the picture.

h. Attorney May failed to be prepared for trial.

    ➢ Attorney May failed to meet with Petitioner to prepare Petitioner for trial.

    ➢ Attorney May met with Petitioner to present Petitioner an offer from the prosecution in May 2005. Also, Sunday, August 21, 2005, on the day before the trial, Attorney May visited the county jail to inform Petitioner that there would be a jury trial on the next morning.

i. Attorney May failed to keep Petitioner informed of the status of the case.

    ➢ Attorney May did not keep Petitioner abreast of the status of the case.

    ➢ Petitioner wrote Attorney May twice regarding the charges, and Attorney May replied that she had not finished her review both times. **(See Enclosed Letters)**

j. Attorney May failed to question Detective Roberts about the still-shot photo.

    ➢ Attorney May failed to question Detective Roberts about the still-shot photo, as well as other evidence in his possession, which was critical to Petitioner's defense.

k. Attorney May failed to allow Petitioner to enter a plea.

    ➢ Attorney May failed to allow Petitioner to enter a plea that was a requirement.

l. Attorney May did not allow Petitioner to participate with the trial.

    ➢ Attorney May failed to allow Petitioner to participate with the trial and the jury selection.

    ➢ The Petitioner wrote notes and had questions that were completely ignored by Attorney May.

    ➢ Petitioner sat through the entire jury selection and trial and was not asked any questions by the court, the prosecution, or Attorney May.

    m. Attorney May did not object to in-court identification of Petitioner.

        ➢ Attorney May allowed bias to be entered into the court proceeding by allowing an in-court identification more than twenty-four (24) months after the crime.

    n. Attorney May was not abreast of court hearings, pre-trial status calls and trial dates.

        ➢ Attorney May did not stay abreast of current hearings, pre-trial status calls, and trial dates relating to the case of the Petitioner which was very detrimental to effective defense as her motion for continuance states that she was not informed nor prepared.

## DENIAL OF EFFECTIVE ASSISTANCE OF SENTENCING/ FIRST APPEAL ATTORNEY

Attorney Thomas Goggans was ineffective in the following manner:

a. Attorney Goggans did not allow Petitioner to review the pre-sentence report.

- Attorney Goggans did not allow Petitioner an opportunity to review pre-sentence report before sentencing or after sentencing.

- Attorney Goggans in his response to the Alabama State Bar Association stated that it is normal practice for the pre-sentence report to be given to the representing attorney in the Judge's chambers on the morning of sentencing.

b. Attorney Goggans denied Petitioner the right to a formal hearing.

- Attorney Goggans was asked by Judge Hobbs if he would like a formal sentencing hearing. Without consulting with Petitioner, he stated, "No."

- The formal hearing would have been an opportunity for the evidence to be presented to the court that was not presented during the trial.

c. Attorney Goggans failed to file appropriate post-trial motions and timely file motion of acquittal.

- Attorney Goggans filed his first and only motion 87 days after the conviction. He filed the motion of acquittal 87 days after the conviction.

- On the same date, Petitioner husband paid Attorney Richard Keith to represent Petitioner after not hearing from Attorney Goggans.

- Attorney Goggans did not file a motion for retrial. During the sentencing, he stated that he would file several motions regarding Petitioner comments made during the sentencing regarding Petitioner constitutional violation.

d. Attorney Goggans withheld a letter from Petitioner that was very damaging from one of the victim's daughters.

- Attorney Goggans submitted the letter from Ms. Carol Ray's daughter to the Alabama State Bar trying to justify his reason for not having a formal hearing after Petitioner filed a complaint against him.

- This letter was submitted to the court during sentencing. This letter resulted in Petitioner being denied an appeal bond and a formal hearing.

## DENIAL OF EFFECTIVE ASSISTANCE OF APPEAL ATTORNEY

Attorney Richard Keith, the appeal attorney, was ineffective in the following ways:

a. Attorney Keith failed to raise ineffective assistance of trial attorney, Attorney May, sentencing/first appeal attorney, Attorney Thomas Goggans, and appointed counselor, Attorney Durant.

   ➢ Attorney Keith withheld the numerous ways the trial attorney was ineffective, as well as the numerous ways in which the sentencing/first appeal attorney and appointed counselor were ineffective.

b. Attorney Keith filed a fraudulent motion to the court while representing Petitioner.

   ➢ Attorney Keith filed a motion stating the Petitioner was indigent when he had been paid fees for the transcript, docket fees, and his service fees by Petitioner's husband.

c. Attorney Keith intentionally left out valid grounds in the appeal.

   ➢ Attorney Keith intentionally omitted hearsay evidence, information relating to the photo line-up that emphasized that Petitioner had a past criminal record, denial of review of pre-sentence report, and ineffectiveness of the previous attorneys.
   ➢ Attorney Keith stated that he omitted the ineffectiveness of previous attorneys because he wanted to do a Rule 32 later which would cost an additional fee even though he was asked by Petitioner to include them in the original appeal. He stated that he could not by law include them in the original appeal.

# DENIAL OF EFFECTIVE ASSISTANCE OF APPEAL ATTORNEY

Attorney Richard Keith, the appeal attorney, was ineffective in the following ways:

a. Attorney Keith failed to raise ineffective assistance of trial attorney, Attorney May, sentencing/first appeal attorney, Attorney Thomas Goggans, and appointed counselor, Attorney Durant.

   ➢ Attorney Keith withheld the numerous ways the trial attorney was ineffective, as well as the numerous ways in which the sentencing/first appeal attorney and appointed counselor were ineffective.

b. Attorney Keith filed a fraudulent motion to the court while representing Petitioner.

   ➢ Attorney Keith filed a motion stating the Petitioner was indigent when he had been paid fees for the transcript, docket fees, and his service fees by Petitioner's husband.

c. Attorney Keith intentionally left out valid grounds in the appeal.

   ➢ Attorney Keith intentionally omitted hearsay evidence, information relating to the photo line-up that emphasized that Petitioner had a past criminal record, denial of review of pre-sentence report, and ineffectiveness of the previous attorneys.
   ➢ Attorney Keith stated that he omitted the ineffectiveness of previous attorneys because he wanted to do a Rule 32 later which would cost an additional fee even though he was asked by Petitioner to include them in the original appeal. He stated that he could not by law include them in the original appeal.

## NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT.

Petitioner has recently learned that the Montgomery Police Department did get a suspect in the crimes. The television advertisement that was made in 2004 resulted in a suspect being arrested.

- ➤ The media advertised one of the ladies that is on the still-shot photo. She was arrested, and they did not obtain the names of the other persons involved with her in the crimes swindling elderly ladies out of their money.

- ➤ From the information that the Petitioner has received, these crimes were ladies going around states swindling elderly people out of their money.

- ➤ From Petitioner understanding, Ms. Gwen McClain, was arrested and is at Life Tech.

Rena Stinson-234171-DA
5166 US Hwy 231
Wetumpka, AL 36092



MONTGOMERY AL
19 MAY 2008 PM
USA 42

UNITED STATES DISTRICT COURT
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101

36101+0711-11 B007